# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

JONATHAN LEVY,            )
                     )
      Plaintiff,      )
                     )     **Civil Action No.  06-1007 (GK)**
        v.         )
                     )
U.S. POSTAL INSPECTION SERVICE,  )
                     )
      Defendant.    )
                     )

---

## DECLARATION OF BETTY WHITE

1.    I am the Information Disclosure Specialist in the FOIA Unit at the Office of Counsel for the Postal Inspection Service, ("USPIS") the law enforcement component of the United States Postal Service, in Washington, D.C.  I have served in my current position at USPIS since July 10, 2004 and have personal knowledge of the events surrounding the FOIA request at issue in this case.

2.    The Chief Postal Inspector is the official custodian of all Inspection Service records, including records relating to criminal investigations, maintained by the Postal Inspection Service.  One of the delegated functions of my office is the processing of requests for access to Inspection Service records made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. §552 (1988), and the Privacy Act of 1974 (PA), 5 U.S.C. §552a (1988).  I review requests under these Acts which are referred to the Postal Inspection Service, conduct searches to locate responsive records and prepare responses of the Postal Inspection Service to the requester.  It is the responsibility of this office to make the determinations to withhold or to release records of the Postal Inspection Service in accordance with the provisions of both the FOIA and PA, and

1

Postal Service regulations 39 C.F.R. § 265.1 et. seq. I have the delegated authority to release and/or withhold records requested pursuant to the FOIA and PA, and to advocate the position of the Postal Inspection Service in actions brought under these Statutes.

3. I make the statements herein on the basis of personal knowledge, as well as information acquired in the performance of my official duties.

## CHRONOLOGY

4. By letter dated March 10, 2005, and received March 17, 2005, Plaintiff Jonathan Levy made a FOIA request for copies of all documents and information concerning anthrax hoax letters sent to the Los Gatos, CA and Campbell, CA police departments and a private residence in San Jose, CA in May 2003. (Exhibit A, attached hereto).

5. By letter dated March 21, 2005, receipt of his request was acknowledged and Plaintiff was informed that his request was assigned FOIA No. 2005-FIS-00091. He was also advised that the search for responsive Inspection Service records and processing of the records would be delayed in order to conduct appropriate file searches. (Exhibit B, attached hereto).

6. By electronic message forwarded on March 17, 2005, a record search was performed by USPIS of its internal database ISIIS to locate any potentially responsive records. As a result of this search it was determined that there was an open case (Case No. 0884-1379523-DMI(1) in the San Francisco Division assigned to Inspector Richard Hall.

7. By letter dated March 30, 2005, a response was sent to Plaintiff advising him that Case number 0884-1379523-DMI(1) was in an open status and that he should contact OCI again in 60-90 days to determine whether Case number 0884-1379523-DMI(1) had been closed. (Exhibit C, attached hereto).

8.    By letter dated July 16, 2005, Plaintiff re-contacted USPIS to inquire if Case number 0884-1379523-DMI(1) was closed. (Exhibit D, attached hereto).

9.    By letter dated July 18, 2005, USPIS acknowledged receipt of Plaintiff's request and informed him that his request was assigned FOIA No. 2005-FIS-00172.  (Exhibit E, attached hereto).

10.    On July 18, 2005, USPIS sent an email to Inspector Richard Hall, as well as the operations coordinator for the San Francisco Division, to determine if Case number 0884-1379523-DMI(1) was still open.  (Exhibit F, attached hereto).

11.    By electronic message, dated July 22, 2005, USPIS was advised that the case was still under investigation and that any information provided at this time may jeopardize the investigation.  (Exhibit G, attached hereto).

12.    By letter dated August 1, 2005, USPIS sent plaintiff a letter advising him an updated inquiry had been made concerning the status of the investigation and that Case number 0884-1379523-DMI(1) remained in an open status. (Exhibit H, attached hereto).

13.    On August 15, 2005, Plaintiff faxed a letter to Information Disclosure Technician (IDT) L. Freeman requesting the name, address and phone or fax number of the contact in San Francisco regarding the case.  (Exhibit I, attached hereto).

14.    As a result of Plaintiff's August 15, 2005, fax in a letter dated August 16, 2005, IDT L. Freeman sent Plaintiff another open investigation response letter.  (Exhibit J, attached hereto).

15.  On September 5, 2005, plaintiff faxed USPIS with another letter stating his fax of August 15, 2005, may have been misinterpreted.  Plaintiff reiterated that he wanted the name and address of the contact person in San Francisco assigned to the investigation. (Exhibit K, attached hereto).

16.    By letter dated September 9, 2005, Plaintiff was advised that since his request was not for agency records and that it was for the name and address of the contact person in San Francisco, USPIS was forwarding his request to Inspector Hall for attention and direct response. (Exhibit L, attached hereto).

17.    On November 20, 2005, Plaintiff faxed USPIS a letter inquiring as to the status of Case number 0884-1379523-DMI(1).  (Exhibit M, attached hereto).

18.    By letter dated December 5, 2005, IDT M. R. Baxter advised plaintiff that Case number 0884-1379523-DMI(1) was still in an open status. (Exhibit N, attached hereto).

19.    By letter dated December 31, 2005, Plaintiff wrote an appeal to the Chief Counsel, Consumer Protection & Privacy regarding the denial of release of files associated with his request. (Exhibit O, attached hereto).

20.    By letter dated January 10, 2006, the USPS Law Department upheld the U.S. Postal Inspection Service's decision to deny Plaintiff's appeal for access to open Inspection Service records. (Exhibit P, attached hereto).

21.    On July 17, 2006, USPIS received a copy of Mr. Phillip J. Kronzer's Privacy Waiver and Certification of Identity, authorizing the USPS, FBI, DOJ or any other federal or state agency involved to release any and all information relating to him to Mr. Jonathan Levy.   (Exhibit Q, attached hereto).

22.    On July 17, 2006, IDT M. Renee Baxter emailed a request to the Criminal Investigations Service Center, Closed Cases, requesting a copy be made of Case No. 0884-1379523-DMI(1) and mailed to USPIS.  (Exhibit R, attached hereto).

23.    On July 24, 2006, all responsive documents were received by USPIS from the Criminal Investigations Service Center, Closed Cases.  Accordingly, I contacted Inspector Derwey of the San Francisco Division to determine from where the responsive records originated.  On this same date, Inspector Derwey advised in an email that the majority of the responsive records were provided to this agency by the Plaintiff. (Exhibit S, attached hereto).

24.    The records forwarded by the Criminal Investigations Service Center, Closed Cases were reviewed and disclosed or withheld in accordance with the provisions of the FOIA.

25.    By letter dated August 23, 2006, 566 pages of the responsive records forwarded by Criminal Investigations Service Center, Closed Cases were sent by USPIS to Plaintiff.  Of the 566 pages, 533 were released in full.  The remaining 33 pages were released with redactions, pursuant to (b)(2), (b)(5), (b)(7)(C), (b)(7)(E) and (b)(7)(F).   339 pages were withheld in their entirety pursuant to (b)(2), (b)(3), (b)(5), (b)(7)(C), (b)(7)(D) and (b)(7)(F).  An additional 7 pages were referred to the FBI for direct response to the plaintiff.   (Exhibit T, attached hereto).

26.    On August 30, 2006, a letter was received from Plaintiff indicating his review of the 566 pages released in part or in full.  Plaintiff indicated that he accepted the FOIA determinations regarding the partially redacted materials.  Plaintiff sought further review of the 339 pages that were withheld in full.  (Exhibit U, attached hereto).

27.    By letter dated September 14, 2006, a response was sent to Plaintiff regarding a second review which was conducted of the 339 withheld pages.  Upon completion of the second review, it was noted that 6 of the 339 pages were duplicates, thereby reducing the number to 333 pages being reviewed.  Plaintiff was provided an additional 23 pages.  Of the 23 pages, 21 pages were released in full. The remaining 2 pages were released with redactions pursuant to (b)(6) and (b)(7)(C).  (Exhibit V, attached hereto).

28.     On September 21, 2006, the USPIS received a copy of Plaintiff's September 19, 2006, correspondence with respect to further review and release of documents highlighted in the September 14, 2006, letter. (Exhibit W attached hereto).

29.     Plaintiff's September 19, 2006 letter, indicated his acceptance regarding USPIS' non-disclosure of 29 pages that had undergone further review.  Plaintiff questioned the further non-disclosure of the remaining 281 pages. The USPIS has now determined that Documents 19 and 21, a total of 24 pages, should be released to Plaintiff.  Thus 257 pages of withheld documents are the sole subject of this litigation. (Exhibit X, attached hereto).

## DESCRIPTION OF POSTAL INSPECTION SERVICE SYSTEM OF RECORDS

30.     The Inspection Service conducts criminal, civil, and administrative investigations. The files containing records about inactive investigations are generally physically located in the Criminal Investigations Service Center (CISC) or the Security Investigations Service Center (SISC) until transferred to a Federal Records Center.  Investigative files may contain investigative reports, notes, memoranda, background data including arrest records, statement of informants and witnesses, laboratory reports of evidence analysis, search warrants, summons and subpoenas, and other information related to the investigation.  Records pertaining to consensual electronic surveillance are also covered by the Investigative File System and located with the investigative files.  Personal data in the Investigative File System may contain fingerprints, handwriting samples, reports of confidential informants, physical identifying data, voice prints, polygraph tests, photographs, and individual personal and payroll information.  Inspection Service database systems such as the Inspection Service Integrated Information System (ISIIS), contain additional or summary duplicative case file and other information in support of

investigations.  The contents of these files are accessible by name and/or social security number.

Records are maintained 1 to 15 years depending on type.

**ADEQUACY OF THE SEARCH REGARDING
PLAINTIFF'S MARCH 10, 2005 FOIA REQUEST**

31.        Plaintiff's FOIA request was assigned FOIA #2006-FPIS-00291.  Plaintiff's

FOIA request sought all records pertaining to anthrax hoax letters sent to Los Gatos and

Campbell Police Departments as well as an individual residence in San Jose, CA.

32.        General practice at USPIS upon receipt of a FOIA  request regarding

Investigative records is to search the Inspection Service Integrated Information System (ISIIS).

ISIIS contains additional or summary duplicative case files and other information in support of

investigations by USPIS.

33.        After searching ISIIS, it was revealed that Plaintiff's request pertained to an open

and active investigation in the San Francisico Division.   Because there was an ongoing open

investigation, responsive records were not immediately retrievable.

34.        USPIS was advised that Case number 0884-1379523-DMI(1) was closed in July

2006.  Responsive records on close cases are located in the Criminal Investigations Service

Center (CISC) or the Security Investigations Service Center (SISC) until transferred to a Federal

Records Center.  It was from CISC, Closed Cases, that all responsive records were located and

forwarded to USPIS for review and final dissemination to Plaintiff in response to his FOIA

request.   As a result of this search 912 pages of responsive records were forwarded to USPIS for

FOIA processing.

## DESCRIPTION OF RECORDS AND REASONS FOR WITHHOLDING

35.     The records at issue are covered in the System of Records called the Investigative

File System (USPS Handbook AS-353, 700.000) and relate to the Inspection Service's

investigating the incident regarding the mailing of at least three letters containing threats of

chemical and/or biological contaminants to Campbell Police Department, Los Gatos Police

Department and unknown others.

36.     **Records Released in Full**:  554 Inspection Service records were released in full

pursuant to Plaintiff's FOIA request.

37.     **Records Released in Part**:  35 Inspection Service records were

released in part pursuant to Plaintiff's FOIA request.  FOIA Exemptions

(b)(2), (b)(5), (b)(6), (b)(7)(C), (b)(7)(E) and (b)(7)(F) served as the basis for

these redactions.

38.     **Records Withheld in Full**:  A total of 281 pages of Inspection Service records were

withheld in full. The following provides a breakdown of FOIA Exemptions asserted: 53 pages

pursuant to (b)(2); 56 pages pursuant to (b)(5); 210 pages pursuant to (b)(7)(C); 247 pages

pursuant to (b)(7)(D); and 11 pages pursuant to (b)(7)(F).  More than one FOIA exemption may

apply to the same page.

A description of the records by category and the application of the FOIA exemptions are as

follows**:**

**Exemption 2** – This provision exempts from mandatory disclosure "records related

solely to the internal personnel rules and practices of an agency" that is of a trivial nature of little

or no public interest. Exemption (b)(2) was asserted to protect the nondisclosure of mundane

administrative data which applies to information concerning routine, internal matters of no

interest to the general public.  Examples of information that may be withheld pursuant to Exemption (b)(2) are purely administrative documents that only relate to matters of internal significance.

**Exemption 5** – This provision exempts inter-agency or intra-agency memorandum or letters that would not be available by law to a party other than an agency in litigation with the U.S. Postal Service.  This provision exempts information that would be privileged in the context of civil litigation.  One privilege recognized under Exemption 5 is the deliberative process privilege, which protects internal agency documents that are both "predecisional" and "deliberative."  The documents withheld are not final reports or recommendations, and are in fact antecedent to any agency final decision.  Exemption 5 was asserted to protect documents that include thoughts and opinions of agency personnel.

**Exemption 7(C)** – This provision exempts from mandatory disclosure records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy.  The threshold of Exemption 7(C) was met because the files at issue were compiled for law enforcement purposes and they contained the identities of individuals who were not the target of the investigation.  The exemption was applied because the disclosure of the identity of the third party could reasonably be expected to result in subjecting them to unnecessary harassment, intimidation and/or physical harm.  For the most part, this means that names, addresses, telephone numbers (and, where applicable, other details which might reveal an identity) have been deleted from the records of the investigation of Plaintiff, and entire records, such as witness interviews, have been withheld where deletion of a name or other identifier would not be sufficient to protect the individual's identity.  The third

parties protected from disclosure in this way include individuals that provided witness statements, individuals who supplied information or otherwise assisted in the investigation, individuals mentioned in the records as being potential leads, and non-postal law enforcement personnel, whether federal, state or local, who played some official role in the investigation and are identified in the records.

In all cases, the disclosure decision was made after balancing the public's right to know against the individual's right to privacy. We determined that there is no public interest in the information concerning third-party individuals, because it would not explain the activities and operations of the Inspection Service. Therefore, there is no public interest that would outweigh the substantial privacy interests of the third-party individuals identified in the records.

**Exemption 7(D)** - This provision exempts from mandatory disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information. . . could reasonably be expected to disclose the identify of a confidential source, including a state, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of an investigation. The threshold for Exemption 7(D) was met because the withheld information consists of the identity of a confidential source and the information they provided in the course of the investigation. Revelation of these confidential sources could jeopardize future law enforcement cases and disclosure of the identity of these sources could reasonably be expected to result in subjecting them to unnecessary harassment, intimidation and or physical harm. Exemption 7(D) has been used in this case to protect the identity and statements of sources who provided information under an implied promise of confidentiality. Considering that this case

10

involves the commission of a crime, the persons who made statements could reasonably infer that their statements would not be disclosed.  The latter portion of Exemption 7(D) protects all information furnished by confidential sources. This portion of the exemption recognizes the reality that the identity of a source may often be determined by analyzing the information provided, a task often easily accomplished by someone familiar with the facts and circumstances of the case. Should this occur, the Inspection Service's ability to continue to obtain confidential information concerning suspected criminal activity would be impaired, and sources of information vital to its investigative and law enforcement functions would be imperiled. Therefore, the statements of all those who provided information to the Inspection Service under implied assurances of confidentiality are protected under 7(D).

**Exemption 7(F)** - This provision exempts from mandatory disclosure records or information whose disclosure could reasonably be expected to endanger the life or physical safety of any individual.  The threshold for Exemption 7F was met because the withheld information relates to confidential sources, including victims, involved in the investigation of Plaintiff.  In addition to causing unwarranted invasion of their personal privacy, releasing the records described here could seriously jeopardize the safety of these individuals by subjecting them to an increased risk of bodily harm or death.

### DOCUMENTS WITHHELD PURSUANT TO FOIA EXEMPTION b(2)

**Document 1**: Two-page internal case file closing checklist.  This document is purely an administrative form used to close out case files once investigations are completed.

Exemption 2 was asserted to protect the nondisclosure of mundane administrative data which applies to information concerning routine, internal matters of no interest to the general public.

**Document 2**: One-page internal "Forfeiture Evaluation Worksheet."  The purpose of this worksheet is for inspectors to check with Inspector Attorneys, AUSAs and/or forfeiture specialists for possible forfeiture potential.

Exemption 2 was asserted to protect the nondisclosure of mundane administrative data which applies to information concerning routine, internal matters of no interest to the general public.

**Document 3**: One-page "investigative expense log." This page is an internal document utilized by inspectors to track their expenses when investigating a case.

Exemption 2 was asserted to protect the nondisclosure of mundane administrative data which applies to information concerning routine, internal matters of no interest to the general public.

**Document 6**: Two-page internal "Memorandum of Call" form.  This is an internal document that is completed whenever there is a "suspicious mail-leaking powder" that enters the mailstream.

Exemption 2 was asserted to protect the nondisclosure of mundane administrative data which applies to information concerning routine, internal matters of no interest to the general public.

**Document 10**:  Twenty (20) pages of internal e-mails between inspectors and support personnel.

The threshold for Exemption 2 was met in this case because disclosure of the records in question would impede the effectiveness of the Postal Inspection Service in responding to civil actions in connection with the law enforcement activities of the agency.

**Document 13**: Five (5) pages consisting of internal emails, and a name and phone number of a third party individual.

The threshold for Exemption 2 was met in this case because disclosure of the records in question would impede the effectiveness of the Postal Inspection Service in responding to civil actions in connection with the law enforcement activities of the agency.

**Document 15**:  Twenty-two (22) pages consisting of internal e-mails, inspector notes, and third-party letters.

The threshold for Exemption 2 was met in this case because disclosure of the records in question would impede the effectiveness of the Postal Inspection Service in responding to civil actions in connection with the law enforcement activities of the agency.

## DOCUMENTS WITHHELD PURSUANT TO FOIA EXEMPTION b(5)

**Document 4**: Three-page intra-agency memorandum consisting of the forensic DNA case report.  Document 4 was generated in the course of the criminal investigation by the U. S Postal Inspection Service.

Exemption b(5) exempts inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the U.S. Postal Service.

**Document 5**: Three-page specimen report from the Santa Clara County Public Health Laboratory, indicating the test results of envelope, item numbers 41-1/2; 41-4; and 2003-1725, 50-1.

Document 5 was generated in the course of the criminal investigation by the local Police Department.  Exemption b(5) exempts inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the U.S. Postal Service

13

**Document 6**: Two-page internal "Memorandum of Call" form.  This is an internal document that is completed whenever there is a "suspicious mail-leaking powder" that enters the mailstream.   Document 6 is not a final report or recommendation, and is in fact antecedent to any agency final decision.

Exemption 5 was asserted to protect documents that include thoughts and opinions of agency personnel.

**Document 8**:  One-page letter from Inspector Brucklacher to a third-party regarding the assistance provided in the matter involving Plaintiff.   The document withheld is not a final report or recommendation, and is in fact antecedent to any agency final decision.

Exemption 5 was asserted to protect documents that include thoughts and opinions of agency personnel.

**Document 10**: Twenty (20) pages of internal e-mails between inspectors and support personnel.  The documents withheld are not final reports or recommendations, and are in fact antecedent to any agency final decision.

 Exemption 5 was asserted to protect documents that include thoughts and opinions of agency personnel.

**Document 13**:   Five (5) pages consisting of internal emails, and a name and phone number of a third party individual.  The documents withheld are not final reports or recommendations, and are in fact antecedent to any agency final decision.

 Exemption 5 was asserted to protect documents that include thoughts and opinions of agency personnel.

**Document 15**: Twenty-two (22) pages consisting of internal e-mails, inspector notes, and third-party letters.  The documents withheld are not final reports or recommendations, and are in fact antecedent to any agency final decision.

Exemption 5 was asserted to protect documents that include thoughts and opinions of agency personnel.

## DOCUMENTS WITHHELD PURSUANT TO FOIA EXEMPTION b(7)(C)

**Document 7**: Two-page carbon copy of an email to Inspector Stout from a third party.

The threshold of Exemption 7(C) was met because the document at issue was compiled for law enforcement purposes and it contained the identities of individuals who were not the target of the investigation. The third parties protected from disclosure in this document include individuals that provided witness statements, individuals who supplied information or otherwise assisted in the investigation, individuals mentioned in the records as being potential leads, and non-postal law enforcement personnel, whether federal, state or local, who played some official role in the investigation and are identified in the records.

**Document 8**:  One-page letter from Inspector Brucklacher to a third-party regarding the assistance provided in the matter involving Plaintiff.

The threshold of Exemption 7(C) was met because the document at issue was compiled for law enforcement purposes and it contained the identities of individuals who were not the target of the investigation. The third parties protected from disclosure in this document include individuals that provided witness statements, individuals who supplied information or otherwise assisted in the investigation, individuals mentioned in the records as being potential leads, and non-postal law enforcement personnel, whether federal, state or local, who played some official role in the investigation and are identified in the records.

**Document 9**:  One-page email between Inspector Brucklacher and a third-party regarding the location of Plaintiff and other pertinent information that may assist Inspector Brucklacher in the investigation.

The document at issue was compiled for law enforcement purposes and it contained the identities of individuals who were not the target of the investigation.  The third parties protected from disclosure in this document include individuals that provided witness statements, individuals who supplied information or otherwise assisted in the investigation, individuals mentioned in the records as being potential leads, and non-postal law enforcement personnel, whether federal, state or local, who played some official role in the investigation and are identified in the records.

**Document 11**:  One-page letter from a third party.

The document at issue was compiled for law enforcement purposes and it contained the identities of individuals who were not the target of the investigation.  The third parties protected from disclosure in this document include individuals that provided witness statements, individuals who supplied information or otherwise assisted in the investigation, individuals mentioned in the records as being potential leads, and non-postal law enforcement personnel, whether federal, state or local, who played some official role in the investigation and are identified in the records.

**Document 12**:  Three-page document entitled "Victim/Names List".

This document was compiled by the investigator during the course of the criminal investigation.  Exemption 7(C) has been applied to this document because the names, addresses, phone numbers and comments column of the inspector might reveal their identity. The exemption was applied because the disclosure of the identities of a third party could reasonably

16

be expected to result in subjecting them to unnecessary harassment, intimidation and/or physical harm.

**Document 13**: Four (4) pages consisting of internal emails, and one page consisting of a name and phone number of a third party individual.

Exemption b(7)(C) was applied because the disclosure of the identities of a third party could reasonably be expected to result in subjecting them to unnecessary harassment, intimidation and/or physical harm.  Exemption 7(C) applies in this case because the names, addresses, phone numbers of the third party would reveal their identity.

**Document 15**:  Twenty-two (22) pages consisting of internal e-mails, inspector notes, and third-party letters.

The threshold of Exemption 7(C) was met because the document at issue was compiled for law enforcement purposes and contains the identities of individuals who were not the target of the investigation.  The exemption was applied because the disclosure of the identities of a third party could reasonably be expected to result in subjecting them to unnecessary harassment, intimidation and/or physical harm.  Exemption 7(C) has been applied in this case because the names and information provided might reveal their identity.

**Document 16**: Eleven (11) pages consisting of four memorandums of interview (MOI) and one witness statement.

This document was compiled by the investigator during the course of the criminal investigation.  FOIA Exemption (7)(C) was applied because the disclosure of the identities of a third party could reasonably be expected to result in subjecting them to unnecessary harassment, intimidation and/or physical harm.  Exemption 7(C) applies to this document because the names, addresses, phone numbers and comments column of the inspector might reveal their identity.

**Document 18**: Thirty-two (32) page sworn declaration of a third party, confidential source.

The document at issue was compiled for law enforcement purposes and contains the identities of individuals who were not the target of the investigation. The exemption was applied because the disclosure of the identities of a third party could reasonably be expected to result in subjecting them to unnecessary harassment, intimidation and/or physical harm. Exemption 7(C) applies in this case because the names and information provided would reveal their identity. The third parties protected from disclosure in this way include individuals that provided statements, individuals who supplied information or otherwise assisted in the investigation, and are identified in the records.

**Document 20**: Four and nine-page deposition of a third party individual.

These documents are identical, except that one copy is two-sided (4 pages) and the other single sided (9 pages). The threshold of Exemption 7(C) was met because the document at issue was compiled for law enforcement purposes and contains the identities of individuals who were not the target of the investigation. The exemption was applied because the disclosure of the identities of a third party could reasonably be expected to result in subjecting them to unnecessary harassment, intimidation and/or physical harm. The third parties protected from disclosure in this way include individuals that provided statements, individuals who supplied information or otherwise assisted in the investigation and are identified in the records.

**Document 22**: Sixty-one (61) pages of documents consisting of property/evidence tags; sworn declarations of third party individuals; and e-mails.

Exemption b(7)(C) exempts from mandatory disclosure records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of

personal privacy.  The exemption was applied because the disclosure of the identities of a third party could reasonably be expected to result in subjecting them to unnecessary harassment, intimidation and/or physical harm.  The third parties protected from disclosure in this document include individuals that provided statements, individuals who supplied information or otherwise assisted in the investigation and are identified in the records.

**Document 23**:   Three (3) page document consisting of a statement and e-mails from a third party individual.

The threshold of Exemption 7(C) was met because the documents at issue were compiled for law enforcement purposes and contain the identities of individuals who were not the target of the investigation.  The exemption was applied because the disclosure of the identities of a third party could reasonably be expected to result in subjecting them to unnecessary harassment, intimidation and/or physical harm.  Exemption 7(C) has been applied in this case because the names and information provided would reveal their identity.

**Document 24**:   Twelve (12) page document consisting of a statement and e-mails from a third party individual.

The threshold of Exemption 7(C) was met because the documents at issue were compiled for law enforcement purposes and contain the identities of individuals who were not the target of the investigation.  The exemption was applied because the disclosure of the identities of a third party could reasonably be expected to result in subjecting them to unnecessary harassment, intimidation and/or physical harm.  Exemption 7(C) has been applied in this case because the names and information provided would reveal their identity.

**Document 25**:  Forty-four (44) page document consisting of e-mails and letters from third party individuals.

The threshold of Exemption 7(C) was met because the document at issue was compiled for law enforcement purposes and contains the identities of individuals who were not the target of the investigation. The exemption was applied because the disclosure of the identities of a third party could reasonably be expected to result in subjecting them to unnecessary harassment, intimidation and/or physical harm. Exemption 7(C) has been applied in this case because the names and information provided would reveal their identity.

**DOCUMENTS WITHHELD PURSUANT TO FOIA EXEMPTION b(7)(D)**

**Document 5**: Three-page specimen report from the Santa Clara County Public Health Laboratory, indicating the test results of envelope, item numbers 41-1/2; 41-4; and 2003-1725, 50-1.

This material is being withheld since release could reasonably be expected to disclose the identity of a confidential source. The threshold for Exemption 7(D) was met because the withheld information consists of the identities of confidential sources and the information they provided in the course of the investigation of mailing biological contaminants to Campbell and Los Gatos Police Departments and unknown others. This document was provided to our agency for law enforcement purposes.

**Document 9**: One-page email between Inspector Brucklacher and a third-party regarding the location of Plaintiff and other pertinent information that may assist Inspector Brucklacher in the investigation.

The threshold for Exemption 7(D) was met because the withheld information consists of the identity of confidential sources and the information they provided in the course of the criminal investigation of Plaintiff. Revelation of these confidential sources could jeopardize future law enforcement cases and disclosure of the identity of these sources could reasonably be

expected to result in subjecting them to unnecessary harassment, intimidation and or physical harm.  Exemption 7(D) has been used in this case to protect the identity and statements of sources that provided information under an implied promise of confidentiality.  This portion of the exemption recognizes the reality that the identity of a source may often be determined by analyzing the information provided, a task often easily accomplished by someone familiar with the facts and circumstances of the case. Should this occur, the Inspection Service's ability to continue to obtain confidential information concerning suspected criminal activity would be impaired, and sources of information vital to its investigative and law enforcement functions would be imperiled.

**Document 14**:  Four (4) pages consisting of a document provided by an outside agency consisting of the environmental examination request form for biological agents.

This document was generated in the course of the criminal investigation.

The threshold for Exemption 7(D) was met because the withheld information consists of the identity of the confidential source and the information they provided in the course of the investigation of Plaintiff.  The latter portion of Exemption 7(D) protects all information furnished by confidential sources.

**Document 15**:  Twenty-two (22) pages consisting of internal e-mails, inspector notes, and third-party letters.

The threshold for Exemption 7(D) was met because the withheld information consists of the identity of confidential sources and the information they provided in the course of the investigation of Plaintiff.  The latter portion of Exemption 7(D) protects all information furnished by confidential sources.

**Document 16**: Eleven (11) pages consisting of four memorandums of interview and one witness statement.

The threshold for Exemption 7(D) was met because the withheld information consists of the identity of confidential sources and the information they provided in the course of the investigation.

**Document 17**:   Forty-one (41) pages of materials provided by an outside law enforcement agency.

The threshold for Exemption 7(D) was met because the withheld information consists of the identity of confidential sources and the information they provided in the course of the criminal investigation.  The latter portion of Exemption 7(D) protects all information furnished by confidential sources.

**Document 18**:   Thirty-two (32) page sworn declaration of a third party, confidential source.

The threshold for Exemption 7(D) was met because the withheld information consists of the identity of confidential sources and the information they provided in the course of the investigation.

**Document 20**:   Four and nine-page deposition of a third party individual.  These documents are identical, except that one copy is two-sided (4 pages) and the other single sided (9 pages).

The threshold for Exemption 7(D) was met because the withheld information consists of the identity of confidential sources and the information they provided in the course of the investigation.

**Document 22**:  Sixty-one (61) pages of documents consisting of property/evidence tags; sworn declarations of third party individuals; and e-mails.

The document at issue were compiled for law enforcement purposes and contains the identities of individuals who were not the target of the investigation.  The threshold for Exemption 7(D) was met because the withheld information consists of the identity of confidential sources and the information they provided in the course of the investigation.  The latter portion of Exemption 7(D) protects all information furnished by confidential sources.

**Document 23**:   Three (3) page document consisting of a statement and e-mails from a third party individual.

The documents at issue were compiled for law enforcement purposes and contain the identities of individuals who were not the target of the investigation.  The threshold for Exemption 7(D) was met because the withheld information consists of the identity of confidential sources and the information they provided in the course of the investigation.  The latter portion of Exemption 7(D) protects all information furnished by confidential sources.

**Document 24**:  Twelve (12) page document consisting of a statement and e-mails from a third party individual.

The documents at issue were compiled for law enforcement purposes and contain the identities of individuals who were not the target of the investigation.  The threshold for Exemption 7(D) was met because the withheld information consists of the identity of confidential sources and the information they provided in the course of the investigation.  The latter portion of Exemption 7(D) protects all information furnished by confidential sources.

**Document 25**:  Forty-four (44) page document consisting of e-mails and letters from third party individuals.

23

The documents at issue were compiled for law enforcement purposes and contain the identities of individuals who were not the target of the investigation. The threshold for Exemption 7(D) was met because the withheld information consists of the identity of confidential sources and the information they provided in the course of the investigation. The latter portion of Exemption 7(D) protects all information furnished by confidential sources.

### DOCUMENTS WITHHELD PURSUANT TO FOIA EXEMPTION b(7)(F).

**Document 16**: Eleven (11) pages consisting of four memorandums of interview and one witness statement.

The threshold for Exemption 7(F) was met because the withheld information relates to confidential sources, including victims, involved in the investigation of Plaintiff. In addition to causing unwarranted invasion of their personal privacy, releasing the records described here could seriously jeopardize the safety of these individuals by subjecting them to an increased risk of bodily harm or death.

### DOCUMENTS RELEASED IN FULL

**Document 19**: Twelve-page document sealed by the Circuit Court of Shelby County, Alabama.

**Document 21**: Document 21 was determined to be duplicative of Document 19.

39.    Documents 19 and 21 total twenty-four (24) pages in all and are being released in full in conjunction with the motion. They are being mailed out as of the date of this filing to Plaintiff's attention.

### SEGREGABILITY

40.    The Inspection Service reviewed the 281 withheld pages and determined that all reasonably segregable, nonexempt information has been disclosed. It was further determined that release of these pages would compromise the third parties protected from disclosure.

24

41.    The information contained in this declaration constitutes a complete and accurate description of all the documents in the custody or possession of the United States Postal Service that are responsive to the Plaintiff's request.

42.    All responsive records are located at the Postal Inspection Service in Arlington, Virginia, at the present time.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 24, 2006.

_____/s/_____
Betty L. White
Information Disclosure Specialist
Office of the Chief Inspector
U. S. Postal Inspection Service