# EXHIBIT A

*2005-F IS-0009 1*

Jonathan Levy
37 Royal Pointe Dr.
Hilton Head SC 29926
Tel. 843-837-8413

RECEIVED

MAR 1 7 2005

Co...
Office of the Chief Inspecto

*Rec'd
3-17-05*

March 10, 2005

FREEDOM OF INFORMATION/PRIVACY ACTS OFFICER
CHIEF POSTAL INSPECTOR US POSTAL SERVICE
475 L'ENFANT PLZ SW RM 3100
WASHINGTON DC 20260-2100

Re:    FOIA Request: Anthrax Hoax Letters sent to Los Gatos, CA and Campbell, CA
Police and individual in San Jose, CA in May 2003

Dear Sir/Madam:

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552 and 12 C.F.R. § 261, we
hereby request all documents and information you have concerning the above-referenced
incidence, which involved:

The mailing from England and the reception of white powder – anthrax - hoax letters in
the first week of May 2003 by the Police Departments of Campbell and Los Gatos,
California and a private individual in San Jose, California including any related materials
and incidents. The office of the Postal Inspector in San Jose, California was involved in
the case.

A fee waiver is requested as disclosure of the information is in the public interest because
it is likely to contribute significantly to public understanding of the operations or
activities of the government and is not primarily in the commercial interest of the
requester but for scholarly and independent media use. The subject of this request has
been widely discussed in the media in California and elsewhere. In the event a waive ris
not granted, requestor agrees to up $250.

Thank you for your assistance in this matter. If you have any questions, please do not
hesitate to contact me.

Very truly yours,

Jonathan Levy

# EXHIBIT B



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

March 21, 2005

Mr. Jonathan Levy
37 Royal Pointe Drive
Hilton Head, South Carolina 29926

RE: FOIA No. 2005-FIS-00091

Dear Mr. Levy:

This will acknowledge receipt of your letter dated March 10, 2005, requesting access to certain records that may be in the custody of the U.S. Postal Inspection Service pertaining to "anthrax hoax letters."

There will be a delay in responding to your letter as we are in the process of conducting appropriate file searches pertaining to your request.

As information, it is our policy to process requests for access to Postal Inspection Service records on a first-in, first-out basis. We will be in contact with you as soon as possible concerning this matter.

Sincerely,


M. R. Baxter
Information Disclosure Technician

1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA 22209-4039
TELEPHONE: 703-292-4041
FAX: 703-292-4083



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

March 17, 2005

RE: FOIA No. 2005-FIS-00091

This office has received a FOIA request from Mr. Jonathan Levy for access to records pertaining to "**anthrax hoax letters sent to Los Gatos, CA and Campbell, CA Police and individual in San Jose, CA in 2003.**"

ISIIS indicates that the subject above is the basis of open San Francisco Division **Case No. (0884-1379523-DMI(1)**, assigned to Inspector Richard D. Hall.

Since the case is currently open, please advise if the release of information from the case file would interfere with enforcement proceedings at this time (civil, criminal or administrative). If so, also provide a brief statement on the status of the investigation (e.g., active investigation, pending trial, appeal of conviction, active forfeiture proceedings, final report not prepared, or submitted for closing, etc.)

When responding, please refer to FOIA No. 2005-FIS-00091 and provide the amount of search time utilized by professional and clerical personnel. A response is requested by: 3/24/05

If you have any questions regarding this request, please call me. Thank you for your assistance.

# EXHIBIT C



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

March 30, 2005

Mr. Jonathan Levy
37 Royal Pointe Drive
Hilton Head, South Carolina 29926

RE: FOIA No. 2005-FIS-00091

Dear Mr. Levy:

This is in further reference to your letter dated March 10, 2005, requesting, pursuant to the Freedom of Information/Privacy Acts, access to certain records that may be in the custody of the U.S. Postal Inspection Service regarding "anthrax hoax letters sent to Los Gatos, CA and Campbell, CA Police and individual in San Jose, CA in May 2003."

The material you have requested is exempt from mandatory disclosure since it consists of investigatory records compiled for law enforcement purposes. Therefore, the material in question is being withheld from disclosure pursuant to title 5, United States Code, section 552(b)(7)(A), where release of information at this time could reasonably be expected to interfere with enforcement proceedings.

You are advised that you should contact this office again in 60-90 days to determine whether the case has been closed. However, once the case is closed, the record material in question may be exempt from disclosure, in whole or in part, based on other FOIA exemptions. These exemptions include: section 552(b)(2), which concerns records related solely to the internal personnel rules and practices of an agency; section 552(b)(3), which concerns records specifically exempt from release by statute; section 552(b)(4), which exempts trade secrets and commercial or financial information obtained from a person which is privileged or confidential; section 552(b)(5), which exempts inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the U.S. Postal Service; section 552(b)(6), where release of personnel and similar files would constitute a clearly unwarranted invasion of personal privacy; section 552(b)(7)(B), where disclosure would deprive a person of a right to a fair trial or an impartial adjudication; section 552(b)(7)(C), where disclosure could reasonably

-2-

be expected to disclose the identity of a confidential source and confidential information furnished by that source; section 552(b)(7)(D), which exempts information that could reasonably be expected to disclose the identity of a confidential source and confidential information furnished by that source; section 552(b)(7)(E), where disclosure would reveal techniques and procedures for law enforcement investigations or prosecutions; and section 552(b)(7)(F), where disclosure could reasonably be expected to endanger the life or physical safety of any individual.

Sincerely,

M. R. Baxter
Information Disclosure Technician

Enclosure

# EXHIBIT D

2005 FIS - 00172

RECEIVED

JUL 1 8 2005

Office of the Chief Inspector
Counsel

Jonathan Levy
37 Royal Pointe Dr.
Hilton Head SC 29926
Tel. 843-837-8413

July 16, 2005

US POSTAL INSPECTION SERVICE
OFFICE OF COUNSEL
1735 North Lynn St. Room 4039
Arlington, VA 22209

Re:    **FOIA Request: 2005-FIS-00091**
Anthrax Hoax Letters sent to Los Gatos, CA and Campbell, CA Police and individual in
San Jose, CA in May 2003

Dear Sir/Madam:

Pursuant to your correspondence of March 30, 2005, I am recontacting this office to
inquire if this case is closed and if all or part may now be declassified.


Very truly yours,


Jonathan Levy

# EXHIBIT E



UNITED STATES POSTAL INSPECTION SERVICE

## OFFICE OF COUNSEL

July 18, 2005

Mr. Jonathan Levy
37 Royal Pointe Drive
Hilton Head, SC  29926

RE: FOIA No. 2005-FIS-00172

Dear Mr. Levy:

This will acknowledge receipt of your letter dated July 16, 2005, requesting, pursuant to the Freedom of Information Act, access to certain records that may be in the custody of the U.S. Postal Inspection Service.

There will be a delay in responding to your letter as we are in the process of conducting appropriate file searches pertaining to your request.

As information, it is our policy to process requests for access to Postal Inspection Service records on a first-in, first-out basis. We will be in contact with you as soon as possible concerning this matter.

Sincerely,

/S/

L. Freeman
Information Disclosure Technician

1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA  22209-4039
TELEPHONE: 703-292-4041
FAX: 703-292-4063

# EXHIBIT F

## Freeman, Lynne L

**From:** Freeman, L.
**Sent:** Monday, July 18, 2005 12:39 PM
**To:** Hall, Richard D; Freeman, Lynne L
**Subject:** FREEDOM OF INFORMATION ACT REQUEST, 2005-FIS-00172, LEVY

**Attachments:** FREEDOM OF INFORMATION ACT REQUEST, 2005-FIS-00172, LEVY.doc



FREEDOM OF
ORMATION ACT RE

**Freeman, Lynne L**

| | |
|---|---|
| **From:** | Freeman, Lynne L |
| **Sent:** | Monday, July 18, 2005 12:40 PM |
| **To:** | Graham, Kaycee E |
| **Subject:** | FW: FREEDOM OF INFORMATION ACT REQUEST, 2005-FIS-00172, LEVY |

**Attachments:** FREEDOM OF INFORMATION ACT REQUEST, 2005-FIS-00172, LEVY.doc



FREEDOM OF
ORMATION ACT RE

Lynne Freeman
Information Disclosure Technician
U.S. Postal Inspection Service
Office of Counsel
1735 N. Lynn Street, Room 4039
Arlington, VA  22209-4039
(703) 292-3910
-----Original Message-----
From: Freeman, L. [mailto
Sent: Monday, July 18, 2005 12:39 PM
To:                              Hall, Richard D; Freeman, Lynne L
Subject: FREEDOM OF INFORMATION ACT REQUEST, 2005-FIS-00172, LEVY

July 18, 2005


RE: FOIA No. 2005-FIS-00172

This office has received a FOIA request from Mr. Jonathan Levy for access to records pertaining to **anthrax hoax letters sent to Los Gatos, CA and Campbell, CA police and individuals in San Jose, CA in 2003.**

ISIIS indicates that the subject above is the basis of open San Francisco DIVISION Division Case No. 0884-1379523-DMI(1) assigned to Inspector Richard D. Hall. (ISIIS also has the following notation: Returned – Needs More Information for Closing).

Since the case is currently open, please advise if the release of information from the case file would interfere with enforcement proceedings at this time (civil, criminal or administrative). Also provide a detailed explanatory statement on the status of the investigation. If release would not interfere, please forward two copies of the case to my attention at the address listed below.

When responding, please refer to FOIA No. 2005-FIS-00172 and provide the amount of search time utilized by professional and clerical personnel. A response is requested by: 8/1/05.

Thank you for your assistance.


*Lynne Freeman*
*Information Disclosure Technician*
*U.S. Postal Inspection Service*
*Office of Counsel*
*1735 N. Lynn Street, Room 4039*
*Arlington, VA  22209-4039*
*(703) 292-3910*

# EXHIBIT G

**Freeman, Lynne L**

| | |
|---|---|
| **From:** | Graham, Kaycee E |
| **Sent:** | Friday, July 22, 2005 10:45 AM |
| **To:** | Freeman, Lynne L |
| **Subject:** | RE: FREEDOM OF INFORMATION ACT REQUEST, 2005-FIS-00172, LEVY |

Lynne,

This is a response from the Postal Inspector/Team Leader to this FOIA request.  If there are any further inquiries, they should be directed to Inspector Derwey.

* * * * *

The case is still under investigation.  There is DNA evidence and the case agent is looking to subpoena DNA samples from associates of Mr. Kronzer, the suspect.  The case agent also discovered from speaking with other inspectors involved in this case in the past, that Mr. Kronzer is estranged from his x-wife and may be using the FOIA to obtain her whereabouts.  I recommend that no information be provided at this time as it may jeopardize the investigation.

Kat
Kat Derwey, PI/TL
PO Box 882528
SF, CA 94188-2528
Office: 415-778-5833
Cell:   415-713-6387


Kaycee E. Graham
ISOC/Acting INC Secretary
US Postal Inspection Service
POB 882528, 390 Main Street
San Francisco  CA  94188-2528
Office: 415/778-5961
Cell:   510/734-0593
Fax:    415/778-5988


-----Original Message-----
From: Freeman, Lynne L
Sent: Monday, July 18, 2005 9:40 AM
To: Graham, Kaycee E
Subject: FW: FREEDOM OF INFORMATION ACT REQUEST, 2005-FIS-00172, LEVY


Lynne Freeman
Information Disclosure Technician
U.S. Postal Inspection Service
Office of Counsel
1735 N. Lynn Street, Room 4039
Arlington, VA  22209-4039
(703) 292-3910
-----Original Message-----

1

From: Freeman, L. [mailto:L .. .--
Sent: Monday, July 18, 2005 12:39 PM
To: .. .            .. .-, Hall, Richard D; Freeman, Lynne L
Subject: FREEDOM OF INFORMATION ACT REQUEST, 2005-FIS-00172, LEVY

# EXHIBIT H



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

August 1, 2005


Mr. Jonathan Levy
37 Royal Pointe Drive
Hilton Head, SC  29926

RE:  FOIA # 2005-FIS-00172

Dear Mr. Levy:

This is in further reference to your Freedom of Information Act request (FOIA #2005-FIS-00091) for access to Postal Inspection Service records regarding San Francisco Division Case No. 0884-1379523-DMI(1) which relates to "anthrax hoax letters sent to Los Gatos, CA and Campbell, CA Police and individuals in San Jose, CA in May 2003."

By Ms. Baxter's letter of March 30, 2005, you were advised that the records you requested relate to an open investigation.  Subsequent to the receipt of your latest letter, an updated inquiry concerning the status of the investigation has been made. I have been advised by office of the Inspector in Charge, San Francisco Division, that the case remains in an open status.  Accordingly, all records associated with the investigation in question remain exempt from disclosure at this time pursuant to FOIA Exemption 552(b)(7)(A).

You may renew your request for records in 60-90 days to determine if the case has been closed.  When the investigation is completed, we will give prompt consideration to a renewal of your request at that time.

In the event you treat this letter as a denial of your request for records, you have a right to appeal this matter to the General Counsel of the U.S. Postal Service, Washington, DC 20260-1100.  Information on the appeal procedure is enclosed.

Sincerely,

/S/

L. Freeman
Information Disclosure Technician


Enclosure


1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA  22209-4039
TELEPHONE:  703-292-4041
FAX:  703-292-4083

# EXHIBIT I

2005-FIS-00203

AUGUST 15, 2005

U.S. POSTAL INSPECTION SERVICE
1735 N. LYNN ST, ROOM 4039
ARLINGTON, VA 22209
FAX: 703-292-4083

RECEIVED
AUG 16 2005
Counsel
Office of the Chief Inspector

ATTN: L. FREEMAN
INFORMATION DISCLOSURE TECHNICIAN

REF: FOIA # 2005-FIS-00172
RE: SAN FRANCISCO DIVISION CASE NO. 0884-1379528

        WOULD IT BE POSSIBLE TO OBTAIN
INFORMATION AS TO THE NAME, ADDRESS
AND PHONE OR FAX NUMBER OF THE
OFFICE AND/OR PERSON TO CONTACT
IN SAN FRANCISCO REGARDING THIS CASE?

        I BELIEVE THAT I HAVE DOCUMENTS
THAT WOULD BE OF INTEREST.

                    PHILLIP J. KRONZER
                    15 FILLMER AVE
                    LOS GATOS, CA 95030
                    408-356-5058
                    408-356-4551 FAX

                    THANK YOU.

# EXHIBIT J



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

August 16, 2005


Mr. Phillip J. Kronzer
15 Fillmer Avenue
Los Gatos, CA  95030

RE: FOIA No. 2005-FIS-00203

Dear Mr. Kronzer:

This is in reference to your letter dated August 16, 2005, requesting, pursuant to the Freedom of Information Act, access to certain records that may be in the custody of the U.S. Postal Inspection Service regarding San Francisco Division Case No. 0884-1379523.

The material you have requested is exempt from mandatory disclosure since it consists of investigatory records compiled for law enforcement purposes. Therefore, the material in question is being withheld from disclosure pursuant to title 5, United States Code, section 552(b)(7)(A), where release of information at this time could reasonably be expected to interfere with enforcement proceedings.

You are advised that you should contact this office again in 60-90 days to determine whether the case has been closed. However, once the case is closed, the record material in question may be exempt from disclosure, in whole or in part, based on other FOIA exemptions. These exemptions include: section 552(b)(2), which concerns records related solely to the internal personnel rules and practices of an agency; section 552(b)(3), which concerns records specifically exempt from release by statute; section 552(b)(4), which exempts trade secrets and commercial or financial information obtained from a person which is privileged or confidential; section 552(b)(5), which exempts inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the U.S. Postal Service; section 552(b)(6), where release of personnel and similar files would constitute a clearly unwarranted invasion of personal privacy; section 552(b)(7)(B), where disclosure would deprive a person of a right to a fair trial or an impartial adjudication; section 552(b)(7)(C), where disclosure could reasonably be expected to disclose the identity of a confidential source and confidential information furnished by that source; section 552(b)(7)(D), which exempts information that could reasonably be expected to disclose the identity of a confidential source and confidential information furnished by that source; section 552(b)(7)(E), where disclosure would reveal techniques and procedures for law enforcement investigations or prosecutions; and section 552(b)(7)(F), where disclosure could reasonably be expected to endanger the life or physical safety of any individual.

As provided in title 39, Code of Federal Regulations, part 265, you have a right to appeal this decision. A copy of the appeal procedure is enclosed.

Sincerely,

/S/

L. Freeman
Information Disclosure Technician

Enclosure

# EXHIBIT K

Phillip J. Kronzer
The Phillip J. Kronzer Foundation for Religious Research
15 Fillmer Ave
Los Gatos, Ca 95030
Tel: (408) 356-5058, Fax: (408) 365-4551, Email: waters@ibot.com

September 5, 2005

United States Postal Service
1735 N Lynn St, Room 4039
Arlington, VA 22209

Attn:   L. Freeman, Information Disclosure Technician
Ref:    FOIA #2005-F15-00203
Fax:    (703) 292-4083

Dear Sir or Madame:

Regarding my fax of August 15, 2005, I believe that you may have misinterpreted my request.

What I wanted to know is the name and address of the contact person in San Francisco to send documents to which pertain to this investigation which is still open.

I have reason to believe that a Mr. Barry LeMay in Campbell, California has documents in his possession that could shed some light on this investigation. We know that Mr. LeMay was in daily communication with a Mr. Bernd Ludolphi in Fatima, Portugal in April and May of 2003 and that Mr. Ludolphi was in connection with a Mr. Michael Brucciani, in Leicester, England. Mr. Brucciani received an envelope containing joker cards, a printed threat and white powder which was mailed in England on April 29, 2003 at the same time similar mail was sent to the U.S.A.

Could you please have someone contact Mr. LeMay in Campbell, CA at 340 E Hamilton Ave, Campbell, CA 95008 which is the address for his company AMBAR Financial.

I also have reason to believe that there is a similar envelop in an apartment in San Jose, California belonging to Mr. Nick Caputo. The address is 3173 Payne Ave, #5, San Jose, CA 95117.

Please let me know if this is of interest to anyone in the Postal Service.

Sincerely,

Phillip James Kronzer, President
The Phillip James Kronzer Foundation for Religious Research

PJK/dw



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

August 16, 2005

Mr. Phillip J. Kronzer
15 Fillmer Avenue
Los Gatos, CA 95030

RE: FOIA No. 2005-FIS-00203

Dear Mr. Kronzer:

This is in reference to your letter dated August 16, 2005, requesting, pursuant to the Freedom of Information Act, access to certain records that may be in the custody of the U.S. Postal Inspection Service regarding San Francisco Division Case No. 0884-1379523.

The material you have requested is exempt from mandatory disclosure since it consists of investigatory records compiled for law enforcement purposes. Therefore, the material in question is being withheld from disclosure pursuant to title 5, United States Code, section 552(b)(7)(A), where release of information at this time could reasonably be expected to interfere with enforcement proceedings.

You are advised that you should contact this office again in 60-90 days to determine whether the case has been closed. However, once the case is closed, the record material in question may be exempt from disclosure, in whole or in part, based on other FOIA exemptions. These exemptions include: section 552(b)(2), which concerns records related solely to the internal personnel rules and practices of an agency; section 552(b)(3), which concerns records specifically exempt from release by statute; section 552(b)(4), which exempts trade secrets and commercial or financial information obtained from a person which is privileged or confidential; section 552(b)(5), which exempts inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the U.S. Postal Service; section 552(b)(6), where release of personnel and similar files would constitute a clearly unwarranted invasion of personal privacy; section 552(b)(7)(B), where disclosure would deprive a person of a right to a fair trial or an impartial adjudication; section 552(b)(7)(C), where disclosure could reasonably be expected to disclose the identity of a confidential source and confidential information furnished by that source; section 552(b)(7)(D), which exempts information that could reasonably be expected to disclose the identity of a confidential source and confidential information furnished by that source; section 552(b)(7)(E), where disclosure would reveal techniques and procedures for law enforcement investigations or prosecutions; and section 552(b)(7)(F), where disclosure could reasonably be expected to endanger the life or physical safety of any individual.

1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA 22209-6039
TELEPHONE: 703-292-4041
FAX: 703-292-4083

As provided in title 39, Code of Federal Regulations, part 265, you have a right to appeal this decision. A copy of the appeal procedure is enclosed.

Sincerely,

*L. Freeman*

L. Freeman
Information Disclosure Technician

Enclosure

AUGUST 15, 2005

U.S. POSTAL INSPECTION SERVICE
1735 N. LYNN ST, ROOM 4039
ARLINGTON, VA 22209
FAX: 703-292-4083

ATTN: L. FREEMAN
INFORMATION DISCLOSURE TECHNICIAN

REF: FOIA # 2005-FIS-00172
RE: SAN FRANCISCO DIVISION CASE NO. 0884-1379523

WOULD IT BE POSSIBLE TO OBTAIN
INFORMATION AS TO THE NAME, ADDRESS
AND PHONE OR FAX NUMBER OF THE
OFFICE AND/OR PERSON TO CONTACT
IN SAN FRANCISCO REGARDING THIS CASE?

I BELIEVE THAT I HAVE DOCUMENTS
THAT WOULD BE OF INTEREST.

PHILLIP J. KRONZER
15 FILLMER AVE
LOS GATOS, CA 95030
408-356-5058
408-356-4551 FAX

THANK YOU.

Phillip J. Kronzer



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

August 1, 2005

Mr. Jonathan Levy
37 Royal Pointe Drive
Hilton Head, SC 29926

RE: FOIA # 2005-FIS-00172

Dear Mr. Levy:

This is in further reference to your Freedom of Information Act request (FOIA #2005-FIS-00091) for access to Postal Inspection Service records regarding San Francisco Division Case No. 0884-1379523-DMI(1) which relates to "anthrax hoax letters sent to Los Gatos, CA and Campbell, CA Police and individuals in San Jose, CA in May 2003."

By Ms. Baxter's letter of March 30, 2005, you were advised that the records you requested relate to an open investigation. Subsequent to the receipt of your latest letter, an updated inquiry concerning the status of the investigation has been made. I have been advised by office of the Inspector in Charge, San Francisco Division, that the case remains in an open status. Accordingly, all records associated with the investigation in question remain exempt from disclosure at this time pursuant to FOIA Exemption 552(b)(7)(A).

You may renew your request for records in 60-90 days to determine if the case has been closed. When the investigation is completed, we will give prompt consideration to a renewal of your request at that time.

In the event you treat this letter as a denial of your request for records, you have a right to appeal this matter to the General Counsel of the U.S. Postal Service, Washington, DC 20260-1100. Information on the appeal procedure is enclosed.

Sincerely,

L. Freeman
Information Disclosure Technician

Enclosure

1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA 22209-2020
TELEPHONE: 703-292-4041
FAX: 703-292-4063

# A TIME LINE PREPARED BY PHILLIP JAMES KRONZER

## FROM DOCUMENTS IN MY POSSESSION WHICH INCRIMINATE MR. MAURICE ALEXANDER (LIVERPOOL, ENGLAND) AND OTHERS WHOSE ACTIONS WERE OBVIOUSLY INTENDED TO LAND ME IN PRISON FOR THE REST OF MY LIFE

### August 23rd, 2005

**March 12th, 2003:**

Maurice Alexander sent a fax to *Ambar Financial Group* in Campbell, California.

*"Dear Sir,*
*Can you please forward this letter along with the statement attached from Mr. Tom Easton the lawyer of a Mr. Phillip James Kronzer. The letter should be sent to a Miss Marcia Smith."*

*"Dear Miss Smith"*; in this letter *Maurice Alexander* suggest that *Marcia Smith* should take certain e-mails to the FBI and local Police because (Kronzer) will use legal and illegal methods to *"get you"*.

Alexander accuses me, (Kronzer) of hiring two drug addicts to stage an armed robbery of Smith's home; create a car accident: pay $90,000 to a veteran to kidnap my wife; pay large amounts of money to harm others; claims a *Mr. Michael Donnelly* was doing surveillance in California for six months and *"if and when you go to the Police, please inform Ambar Financial Group and we will pass on the rest of the information that the Police and Ambar will require. I am keeping this letter confidential until the authorities decide to contact us."*

**March 19th, 2003:**

*Mr. David Hughes* of Redwood Valley, California sent an e-mail to *Tom Easton.*

Subject: *Christine Dolan sent by Cheryl Cassidy* (Sic).

This is what Hughes alleges;

*"Christine Dolan was actually originally solicited by Cheryl Cassidy"*

*"and Burnick, curiously has made no attempt to serve her!"* (meaning Dolan)

*"Burnick does not really want to serve her. Rather, he chooses to use the concocted threat of a lawsuit – to purportedly motivate Dolan to testify against Kronzer and Levy." "Interesting also, is that this story comes through, and is confirmed by – sources directly related to New Jersey Congressman Chris Smith - - which source – has no vested interest herself."* (Herself?)

*"Ask yourself; why has Dolan not been served?  Why does Dolan know Chris Smith??  Why does Chris Smith know Russoniello??  Why does Russoniello know Marcia Smith?  Why does Marcia Smith know Ardath Kronzer? And how does Ardath Kronzer know Cheryl Cassidy????"*

(**Interesting footnote**: According to Hughes, *Nancy Fergusun* (Sic), whose name appears on this e-mail, was the person who spread the rumour that I (Kronzer) sent anthrax to a *Lynn Hoffman Medjugorje Conference* in Sacramento, California in June of 2002.)

**April, 8th, 2003:**

A letter was sent to my wife Ardath's attorney in San Jose, California by *Tom Easton* advising them that we would dismiss our lawsuit against Ardie provided that; "(1) *Ardath Talley* admit to the truth that she and *Marcia Smith* were responsible for the phoney *"O'Brien"* letter to *Regina Moore* in of May 1996 – *"for the purpose of our client Phillip Kronzer being able to use said admission to explain to their children that their mother was indeed responsible".* and, (2) *"Kronzer's case dismissed against Ardath Talley* (but not Marcia Smith) *with prejudice, with no fees or costs to either party".*

*"We hope you will inform your client Talley of these terms".*

**April 13th, 2003:**

I (Kronzer), sent a letter to our son *Michael Kronzer* with a copy of the April 8th letter attached. *"Dear Mike; if you are interested in stopping the bleeding of what would someday be your inheritance, may I suggest that you make one phone call to Mr. James Rothstein at (320) 548-3647. When you do, you will learn that I am perfectly sane and that the past eight years have not been wasted. Mike, you can help put a stop to this madness because the criminals and attorney's won't, they're too busy getting rich on the Kronzer family estate money. Love always, Dad".*

**NOTE: All of the foregoing goes to motive – The following goes to why I (Kronzer), had to be locked up.**

**May 7th, 2003:**

US Postal Inspector *Tom Brucklacher* sent an e-mail to *Richard Paul Salbato* in Portugal asking about my (Kronzer's) whereabouts. According to *David Hughes* it was *Bernd Ludolphi* also in Portugal who told him that *Barry Le May* of *Ambar Financial* had contacted Brucklacher and gave him Salbato's name and e-mail address.

**May 7th, 2003:**

*Tom Brucklacher* sent an e-mail to *Richard Paul Salbato* and Salbato sent a reply.

**NOTE:** *Richard Salbato* passed on information that he could have only known if he in fact knew who sent the packages and when. Was he directly involved in the preparation or sending of the same?

The copy of this particular e-mail was faxed to me by *Maurice Alexander* on August 11th, 2003.

**July 4th, 2003:**

*Maurice Alexander* published and signed a ten page document entitled *"The Pros & the Cons of Medjugorje"* put out by his film production company **Network 5.**

On Page 7; *Maurice Alexander* confessed that: *"He and Jeff Pickett and Paul Gordon were responsible for anthrax scares, death threats and bomb hoaxes".*

On Page 9; *Maurice Alexander* incriminates Attorney *Daniel Burnick* along with *Bernd Ludolphi* and *Richard Salbato* by talking about an additional *"number of special envelopes and packages through the UK, US, Portugauses,* (Sic) *Brazilian and Italian Postal Systems".*

Alexander said: *"It was only a prank".*

**NOTE:** When one reads through the entire *"Double Agent"* document, one will find that there were numerous acts committed by a number of individuals who wanted me (Kronzer), bankrupt or in prison.

**NOTE:** *Maurice Alexander's* statements in the *"Double Agent Letter"* coincide precisely with the notarized statements made in his Legal Declarations submitted in the Portuguese and US Courts. In his declarations made in an Out of Court Settlement filed with the Courts in Portugal Maurice Alexander also states that he and *Jeff Pickett* were paid by *Burnick, Salbato* and *Ludolphi* to carry out various criminal acts against me (Kronzer) and other associates.

**July 20th, 2003:**

*Bernd Ludolphi* sent an e-mail to *Christine Dolan* outlining what he was going to do to put Kronzer and *Carlos Evaristo* in jail.

**July 20th, 2003:**

*Christine Dolan* sent an e-mail reply to *Bernd Ludolphi* telling him to get lost!

**August 5th, 2003:**

*Richard Salbato* sent a fax to the Supreme Court in London regarding case number: HQ03X01073, copy to Serbian Ambassador, London, England.

This document was given to me (Kronzer) by *Maurice Alexander*. *Read line items 12, 13, and 16* and learn why it was important for *Richard Salbato* to make a claim that I (Kronzer) was in England in April of 2003. I was not and the FBI and Postal Authorities have confirmed that I was not in England. The remainder of the document is merely a figment of Salbato's sick imagination.

**August 6th, 2003:**

*Page 3 and 4* of a document faxed to me (Kronzer) by *Maurice Alexander*. This appears to be some sort of history lesson by Alexander concerning Medjugorje. Take note of Alexander's somewhat less than flattering comments about *Ms. Christine Dolan*.

**August 6th, 2003:**

A copy of a fax sent by *Maurice Alexander* to *Barry Le May* in California withdrawing his *support "in California and Alabama disputes. I do not wish also to discuss this further BL* (Bernd Ludolphi) *in Fatima, Portugal."*

**STATEMENT OF FACT:** A typical *Maurice Alexander* manoeuvre. Draw them in, use them, and dump them!

**August 11th, 2003:**

*Page 2* of another fax sent by *Maurice Alexander* attempting to involve others in his many schemes to alert law enforcement world-wide about everyone but himself.

**August 11th, 2003:**

*Page 1* of another fax sent by *Maurice Alexander*. Obviously an attempt by *Jeff Pickett* to cover up his involvement in the *Anthrax Plot* in California. *Janet Stout* was the woman in charge of the anthrax investigation in May of 2003 in San Jose, California.

**August 25th, 2003:**

A letter sent by *Jonathan Levy* to Detective *Randy Bishop*, Los Gatos Police. (Self Explanatory)

**September 15th, 2003:**

A two-page email sent to *David Hughes* in California by *Maurice Alexander*. Another obvious attempt by Alexander to point the finger at someone other than himself to cover up his own criminal activities.

**NOTE:** An obvious attempt by *Maurice Alexander* to make me (Kronzer) think that he is protecting my wife Ardie from this crook.

**October 3ʳᵈ, 2003:**

A two-page e-mail sent to *Michael Corbin* by *Bernd Ludolphi*. Another attempt by Bernd Ludolphi and the gang to get me (locked up) on the anthrax hoax.

**January 7ᵗʰ, 2004:**

An e-mail sent by *David Hughes* to *Jonathan Levy*.

**Subject:** *Alfieri / Ludolphi*. In his deposition taken in Florida in March of 2003, Alfieri stated that he had overheard conversations in the *Corporate Logic Offices* concerning envelopes, mailings and white powder. That was only weeks prior to the mailings of envelopes from England on April 29ᵗʰ, 2003. Ludolphi has a knack for feeding disinformation when he finds out that he is about to be fingered for the crime.

**January 13ᵗʰ, 2004:**

An e-mail sent to *Jonathan Levy* who faxed it to me (Kronzer) Subject: *"Anthrex"* (Sic.) This information also has to do with the deposition of *Richard Alfieri* at *Corporate Logic Software* in Florida. Once again, it appears obvious that *Bernd Ludolphi* has a problem and that Alexander is more than happy to make sure that he does.

**January 18ᵗʰ, 2004:**

A two-page document sent to *Jonathan Levy* by *David Hughes* which discusses the fact that a number of individuals were involved in making certain that my wife Ardie would never wake up to the fact that these con-artists were attempting to steal all of the Kronzer's money and put me (Kronzer) in jail.

**March 2ⁿᵈ, 2004:**

A two-page letter sent to my (Kronzer's) former attorney *Jo Olebar Reid* in London. Yet another attempt by Alexander to incriminate everyone but himself. Nothing more than another case of blackmail by Alexander.

**March 8ᵗʰ, 2004:**

A letter from *Jonathan Levy* faxed to *Bernd Ludolphi* in Portugal. Ludolphi had contacted Jonathan Levy by phone wanting to discuss the Joker cards and white powder incidents.

**March 10ᵗʰ, 2004:**

A two-page e-mail sent by *Jonathan Levy* to *Bernd Ludolphi* at e-mail address *navigator2@clix.pt* from Phil Kronzer. Once gain it was Ludolphi looking for ways to point the finger at other individuals involved in mailing Joker cards and white powder when in fact it was he (Ludolphi) who phoned *Michael Brucciani* in Lester, England on May 1ˢᵗ, 2003 and asked him if he had received an envelope containing Joker cards and white powder.

**NOTE:** An e-mail sent by *Michael Brucciani* on May 31st, 2004 was passed on to me (Kronzer) on June 4th, 2004 by *Maurice Alexander* thus explaining *Bernd Ludolphi's* phone call.

**April 29th, 2004:**

A letter sent to *Dr. Jorge Da Costa Rosa*. In this letter *Maurice Alexander* accuses *"Salbato and Ludolphi who knew of this beforehand and shortly after these letters landed at their destinations".*

**May 13th, 2004:**

An e-mail sent to *David Hughes* by *Maurice Alexander* once again referring to anthrax, *Marcia Smith* and *Wendell Ferguson*.

**May 18th, 2004:**

A hand-written letter sent by me (Kronzer) to *Michael Brucciani* in England which triggered Mr. Brucciani's response on May 21st, 2004.

**May 21st, 2004:**

An e-mail from *Michael Brucciani* to *Maurice Alexander* confirming *Bernd Ludolphi's* contacting him by phone about an envelope containing Joker cards and white powder.

**CONCLUSION:** All of this information is being forwarded to the US Postal Inspector's in Washington DC requesting that they pass it on to the proper office in San Francisco, California where they maintain an open file on this matter.

Phillip J. Kronzer
15 Fillmer Avenue
Los Gatos, California
95030 USA

Tel: (408) 356-5058
Fax: (408) 356-4551

# EXHIBIT L



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

September 9, 2005

Mr. Phillip Kronzer
15 Fillmer Avenue
Los Gatos, CA 95030

RE: FOIA # 2005-FIS-00203

Dear Mr. Kronzer:

This is in reference to your September 5, 2005, letter requesting "the name and address of a contact person in San Francisco to send documents to which pertain to an investigation which is still open."

Since your letter is not a request for agency records, we are forwarding your letter to the San Francisco Division, Attn: Inspector R. D. Hall, P.O. Box 882528, San Francisco, CA 94188-2528, for attention and direct response to you.

In the event you treat this letter as a denial of your request, you have a right to appeal this matter to the General Counsel of the U.S. Postal Service, Washington, DC 20260-1100. A copy of the appeal procedure has been previously provided to you.

Sincerely,

/s/

L. Freeman
Information Disclosure Technician

1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA 22209-4039
TELEPHONE: 703-292-4041

# EXHIBIT M

RECEIVED

NOV 8 2005

Counsel
Office of the Chief Inspector

Jonathan Levy
37 Royal Pointe Dr.
Hilton Head SC 29926
Tel. 843-837-8413

November 20, 2005

US POSTAL INSPECTION SERVICE
OFFICE OF COUNSEL
1735 North Lynn St. Room 4039
Arlington, VA 22209

Re:    **FOIA Request: 2005-FIS-00172**

Anthrax Hoax Letters sent to Los Gatos, CA and Campbell, CA Police and individual in
San Jose, CA in May 2003

Dear Sir/Madam:

Pursuant to your correspondence of August 1, 2005, I am recontacting this office to
inquire if this case is closed and if all or part may now be declassified.

Very truly yours,


Jonathan Levy

# EXHIBIT N



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

December 5, 2005

Mr. Jonathan Levy
37 Royal Pointe Drive
Hilton Head, SC  29926-1166

RE: FOIA No. 2006-FPIS-00037

Dear Mr. Levy:

This is in further reference to your letter dated November 20, 2005, requesting, pursuant to the Freedom of Information/Privacy Acts, access to certain records that may be in the custody of the U.S. Postal Inspection Service regarding San Francisco Division Case No. 0884-1379523-DMI(1) which relates to "anthrax hoax letters sent to Los Gatos, CA, and Campbell, CA police and individuals in San Jose, CA, in May 2003.

By Ms. Freeman's letter of August 1, 2005, you were advised that the records you requested relate to an open investigation. Subsequent to the receipt of your latest letter, an updated inquiry concerning the status of the investigation has been made. I have been advised by office of the Inspector in Charge, San Francisco Division, that the case remains in an open status. Accordingly, all records associated with the investigation in question remain exempt from disclosure at this time pursuant to FOIA Exemption 552(b)(7)(A).

You may renew your request for records in 60-90 days to determine if the case has been closed. When the investigation is completed, we will give prompt consideration to a renewal of your request at that time.

In the event you treat this letter as a denial of your request for records, you have the right to appeal this denial by writing to the *Chief Counsel, Customer Protection and Privacy, U.S. Postal Service, 475 L'Enfant Plaza, SW, Washington, DC 20260*, within 30 days of the date of this letter. The letter of appeal should include a statement about the action or failure to act being appealed, the reasons why it is believed to be erroneous, and the relief sought, along with copies of your original request, this letter, and any other related correspondence.

Sincerely,

/s/

M. R. Baxter
Information Disclosure Technician

Enclosure

1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA  22209-4039
TELEPHONE: 703-292-4041
FAX: 703-292-4083

**EXHIBIT O**

.

Jonathan Levy
37 Royal Pointe Dr.
Hilton Head SC 29926
Tel. 843-837-8413

December 31, 2005

US POSTAL SERVICE
CHIEF COUNSEL
CONSUMER PROTECTION & PRIVACY
475 L'ENFANT PLAZA SW
WASHINGTON DC 20260

Re:      **FOIA Request: 2006-FPIS-00037 – APPEAL (See also 2005 FIS –00172)**

Anthrax Hoax Letters sent to Los Gatos, CA and Campbell, CA Police and individual in
San Jose, CA in May 2003

Dear Sir/Madam:

I am appealing the attached denial of release of files associated with the above request on
the following grounds:

1. The release of the material requested is in the public interest as it applies to matters of
terrorism and homeland security;

2. The underlying case is "cold" in that there have been no apparent arrests or
convictions;

3. Release of information may lead to new and fresh leads and the arrest of the
individual(s) responsible for these serious crimes;

Very truly yours,

Jonathan Levy

# EXHIBIT P

2006- FPIS- 00037


**UNITED STATES**
**POSTAL SERVICE**

January 10, 2006

Mr. Jonathan Levy
37 Royal Pointe Drive
Hilton Head, SC 29986-1166

Freedom of Information Act Appeal: 06-029

Dear Mr. Levy:

This is in response to your letter dated December 31, 2005, and received by our office on January 3, 2006. You appeal the denial of your request for documents under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. By letters dated March 10, 2005, July 16, 2005 and November 20, 2005, you requested access to materials in the custody of the Postal Inspection Service pertaining to the receipt of "anthrax hoax letters sent to Lost Gatos, CA and Campbell, CA police and individual in San Jose, CA in May 2003." In decisions dated March 30, 2005, and December 5, 2005, from M.R. Baxter, Information Disclosure Technician, Postal Inspection Service, and a decision dated August 1, 2005, from L. Freeman, Information Disclosure Technician, Postal Inspection Service, your requests were denied under FOIA Exemption 7(A).

The FOIA imposes a general duty upon government agencies to disclose records within their possession. The FOIA contains several exemptions, however, that permit agencies to withhold certain information from disclosure. 5 U.S.C. §§ 552(b)(1)-(9). We are upholding the initial decision with respect to the records for the reasons reason stated below.

Exemption 7(A) allows agencies to withhold records or information compiled for law enforcement purposes to the extent that disclosure of the information "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). In this case, the records you have requested were compiled in the course of a criminal investigation. We have confirmed with responsible persons in the U.S. Postal Inspection Service that the investigation continues. Such records are protected under Exemption 7(A) if their disclosure could be expected to interfere with the investigation. See NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 236 (1978); Lewis v. I.R.S., 823 F.2d 375 (9th Cir. 1987); Gould, Inc. v. General Services Admin., 688 F. Supp. 689, 704 (D.D.C. 1988).

Releasing records or information from the investigative file could reasonably be expected to interfere with enforcement proceedings, either current or prospective

475 L'ENFANT PLAZA SW
WASHINGTON DC 20260
WWW.USPS.COM

ones by: identifying actual or potential witnesses and exposing them to undue influence or retaliation; causing witnesses to cease cooperation; revealing the scope, direction, and limits of the investigation; and alerting other potential targets of the investigation. Accordingly, the information you have requested is exempt from disclosure under FOIA Exemption 7(A).

The application of Exemption 7(A) does not depend upon the imminence of a trial or adjudication; it is sufficient that the agency anticipates that an enforcement proceeding may result from the investigation at some time in the future. See National Public Radio v. Bell, 431 F. Supp. 509, 514-15 (D.D.C. 1977).

You may renew your request for the withheld records after the investigation and any enforcement proceedings that may result from the investigation are terminated. This decision is made without prejudice to such a future request.

This is the final decision of the Postal Service on your right of access to these records. You may seek judicial review of this decision by bringing suit for that purpose in the United States District Court for the district in which you reside or have your principal place of business, the district in which the records are located, or in the District of Columbia.

For the General Counsel,

Anthony F. Alverno
Chief Counsel
Customer Protection & Privacy Law
Corporate Law Section
Law Department

cc:    M. R. Baxter
       L. Freeman

# EXHIBIT Q

TO:

Wynova Johnson, Assistant US Attorney General
U.S. Department of Justice
Washington, D.C. 20530

Privacy Waiver and Certification of Identity
Re: Levy v. USPS UBDC DC No. 06-1007 (GK)

Full Name:  Phillip James Kroener

Aliases used:  None

Current Address: 15 Fillmore Ave. Los Gatos CA 95030

Telephone: 408-356-5052

Date of Birth: June 30, 1934  Place of Birth: Wisconsin

Social Security Number: 390287760

I hereby waive my right to privacy, and I authorize the USPS, FBI, DOJ, or any other
federal or state agency involved in the above matter to release any and all information
relating to me to :

Jonathan Levy, Esq.
37 Royal Pointe Dr.
Hilton Head SC 29926

(843) 837-8413
jonlevy@hargray.com

Under penalty of perjury, I hereby declare that I am the person described above and
understand that any falsification of this statement is punishable under the provisions of
Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or
by imprisonment of not more than five years, or both; and that requesting or obtaining
any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C.,
Section 552a (i)(3) is a misdemeanor and by a fine of not more than $5,000.

Signature: _____
Phillip J. Kroener

Date: _____7/14/06_____

## FAX TRANSMISSION COVER PAGE

DATE: *7/17/06*

DESTINATION FAX NUMBER:

TO: *Bob White*

TELEPHONE:

FROM:   William B. Neel
        Attorney
        Law Department Mid-Atlantic Office
        Telephone:
        FAX No.

NUMBER OF PAGES INCLUDING THIS COVER PAGE: 2

NOTE:   If you do not receive the total number of pages
        indicated, please call me.

REMARKS: *Privacy act release Kromer*

.

# EXHIBIT R

July 17, 2006

To:  Closed Cases, Criminal Investigations Service Center

From:  M. Renee Baxter

RE: FOIA Request – Phillip J. Kronzer
    FOIA No. 2006-FPIS-00291

In order that this office can respond to a FOIA request from Phillip J. Kronzer, please forward **one** unstapled copy of the closed San Francisco Division case to my attention at Rosslyn and confirm by email.  Photocopy should be made on 8½ x 11 letter-sized paper only.

**Case No. 0884-1379523-DMI(1)**
**Closed Date:  3/14/2006**

Please advise if records consist of more than 2 boxes of materials.

When responding, please refer to FOIA No. 2006-FPIS-00291.  **A response is requested by: ASAP**

Thank you for your assistance.

**EXHIBIT S**

**White, Betty L**

**From:**       Derwey, Kathryn M
**Sent:**       Wednesday, August 09, 2006 12:49 PM
**To:**         White, Betty L
**Subject:**    Case 1379523

Inspector White,

The majority of the documents in the case file were provided by Mr. Kronzer.


*Kathryn M. Derwey*
Kathryn M. Derwey
Postal Inspector/DMI Team Leader
US Postal Inspection Service
San Francisco Division
PO Box 882528
San Francisco, CA 94188-2528
415-778-5833 Office

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT T



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

August 23, 2006

Mr. Jonathan Levy, Esq.
37 Royal Pointe Dr.
Hilton Head, SC  29926

RE:  FOIA #2006-FPIS-00291

Dear Mr. Levy:

This is in reference to your July 17, 2006, fax to Assistant United States Attorney
Johnson, U.S. Department of Justice, authorizing access to certain records in the
custody of the U.S. Postal Inspection Service regarding your client, Mr. Phillip J.
Kronzer.

Enclosed are 566 pages of record material which can be released to you.  Certain
deletions have been made to this material pursuant to title 5, United States Code,
section 552(b)(2), which concerns records related solely to the internal personnel
rules and practices of an agency; section 552(b)(5), which exempts inter-agency or
intra-agency memorandums or letters that would not be available by law to a party
other than an agency in litigation with the U.S. Postal Service; section
552(b)(7)(C), where disclosure could reasonably be expected to constitute an
unwarranted invasion of personal privacy; section 552(b)(7)(E), where disclosure
would reveal techniques and procedures for law enforcement investigations or
prosecutions; and section 552(b)(7)(F), where disclosure could reasonably be
expected to endanger the life or physical safety of any individual.

In addition to these enclosures, there are 339 other pages which are exempt from
disclosure in their entirety in accordance with section 552(b)(2); section 552(b)(3),
which concerns records specifically exempt from release by statute (Federal Rules
of Criminal Procedure, Rule 6(e), 18 U.S.C. Appendix); section 552(b)(5); section
552(b)(7)(C); section 552(b)(7)(D), which exempts information that could
reasonably be expected to disclose the identity of a confidential source and
confidential information furnished by that source; and section 552(b)(7)(F).

Aside from the above referenced material, there are 7 pages which originated with
the Federal Bureau of Investigation.  Accordingly, I have referred this specific
material to this agency for its review and direct response to you.

As a matter of discretion, I have waived the reproduction charges involved in the
processing of your request.

1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA  22209-4039
TELEPHONE:  703-292-3944

- 2 -

As provided in title 39, Code of Federal Regulations, part 265, you have a right to appeal this decision.  A copy of the appeal procedure is also enclosed.

Sincerely,

/ S /

B. L. White
Information Disclosure Specialist

Enclosures

**EXHIBIT U**

**JONATHAN LEVY**
37 Royal Pointe Dr.
Hilton Head Island, SC 29926 USA
Tel 843-837-413/Fax 202-318-2406

August 29, 2006

Wyneva Johnson
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4ᵗʰ Street, NW
Washington DC 20530

Re: Levy v. USPS Case No. 06-1007(GK) USDC DC

Dear Ms. Johnson:

I have now reviewed the partial release of documents by USPS on August 23, 2006.

I would therefore propose the following unified settlement:

Regarding the 556 pages of material covered under the partial release:

1. The redacted material is acceptable.
2. The referral to the FBI is acceptable.

Regarding the 339 pages withheld in their in entirety and the exemptions claimed, the following solution is proposed:

1. Referral to any third party agencies involved is acceptable as above;
2. Redaction of any names and identifying information is acceptable;
3. Redaction of any information that would compromise an ongoing investigation is acceptable.
4. Any information which originated within a Grand Jury proceeding could be withheld.

Therefore based on the above, if USPS can further redact the remaining pages and then partially release, I believe we can reach a settlement. I think this is reasonable since the USPS Inspection Service case itself is closed according to the partial release.

Sincerely,

Jonathan Levy

# EXHIBIT V



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

September 14, 2006

Mr. Jonathan Levy, Esq.
37 Royal Pointe Dr.
Hilton Head, SC 29926

RE: FOIA #2006-FPIS-00291

Dear Mr. Levy:

This is in reference to your letter dated August 29, 2006, to Assistant United States Attorney Johnson regarding the 556 pages provided to you and the 339 pages which were withheld in their entirety.

A second review was conducted of the 339 withheld pages. During this review it was noticed that six of these pages were in fact duplicates of pages contained in the redacted material, reducing the total number of withheld pages to 333.

Enclosed are an additional 23 pages of record material which can be released to you. Certain deletions have been made to this material pursuant to title 5, United States Code, section 552(b)(6), where release of personnel and similar files would constitute a clearly unwarranted invasion of personal privacy; and section 552(b)(7)(C), where disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.

The remaining 310 pages consist of the following:

29 various documents which consist of (b)(2) material that relates solely to the internal rules and practices of an agency and (b)(5) material that exempts inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the U.S. Postal Service;

48 pages which consist of (b)(7)(D) material which could reasonably be expected to disclose the identity of a confidential source and confidential information furnished by that source;

111 pages which consist of (b)(7)(C) material where disclosure could constitute an unwarranted invasion of personal privacy; and (b)(7)(D) material;

1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA 22209-4039
TELEPHONE: 703-292-4041

4 various documents which consists of (b)(5) and (b)(7)(C) material;

14 pages which consists of (b)(7)(C) material;

5 pages of various documents which consist of (b)(2), (b)(5) and (b)(7)(C) material;

31 pages of various documents, including memorandums of interview, which consist of (b)(2), (b)(5), (b)(7)(C), (b)(7)(D) and (b)(7)(F) material where disclosure could reasonably be expected to endanger the life or physical safety of any individual;

24 pages which consist of (b)(3) materials (records sealed by the court); and

44 pages which consist of (b)(2), (b)(7)(C) and (b)(7)(D) materials which are exempt from disclosure in their entirety in accordance with the specified exemptions.

As provided in title 39, Code of Federal Regulations, part 265, you have a right to appeal this decision. A copy of the appeal procedure is also enclosed.

Sincerely,

/S/

Betty L. White
Information Disclosure Specialist

Enclosures

# EXHIBIT W

**JONATHAN LEVY**
37 Royal Pointe Dr.
Hilton Head Island, SC 29926 USA
Tel 843-837-413/Fax 202-318-2406

September 19, 2006

Wyneva Johnson
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th Street, NW
Washington DC 20530

Re: Levy v. USPS Case No. 06-1007(GK) USDC DC

Dear Ms. Johnson:

I have now reviewed the further release of documents by USPS and the letter of September 14, 2006 by Betty White.

1. As to the additional material released, this was as USPS admitted, omitted from the previous release.

2. Regarding the additional pages, the new break down in Ms White's letter is helpful although I note it deviates somewhat from the prior report however gives us something specific to work with. Therefore using the break down in the order specified in Ms. White's letter of September 14, 2006, I would make the following new unified proposal which USPS should be now in a position to respond to without further delay:

(a) As to the 29 pages of b(2) and b(5) materials – Plaintiff would agree to no release.

(b) 48 pages of (b)(7)(D) material would be subject to redactions by USPS.

(c) 111 pages of (b)(7)(C) and (D) material would be subject to partial release with redactions by USPS.

(d) 4 documents, 14 pages, 5 pages in the order as to Ms. White's letter - subject to partial release and redactions by USPS.

(e) 31 pages of material: I am baffled how partial release of this material would endanger anyone's life in a closed case in which USPS appears to have taken no substantive action for years if the previously released log is to be believed. I would ask USPS objectively reevaluate this material and make a partial release subject to redactions by USPS with the understanding that redactions might be substantial.

(f) 24 pages sealed by the Court – if this is material from the "Caritas" civil litigation in the Shelby County Circuit Court, I do not need it as we have it already since I was a party to the case.

If it is different material, we would simply request release of the case name and number and name of the Court.

(g) Additional 44 pages - subject to partial release with redactions by USPS.

Therefore in summary plaintiff agrees to:

No release of 53 pages (a) and (f) above with only identifying court case in (f) if it is not Shelby County.

Limited release of 31 pages (e) with understanding there will be substantial redactions.

Release of remaining material with redactions where needed.

Therefore based on the above, if USPS can further redact the remaining pages and then partially release, I believe we can reach a settlement. I think this is reasonable since the USPS Inspection Service case itself is closed.

Sincerely,

Jonathan Levy

2

# EXHIBIT X



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

October 24, 2006

Mr. Jonathan Levy, Esq.
37 Royal Pointe Dr.
Hilton Head, SC  29926

RE:  FOIA #2006-FPIS-00291

Dear Mr. Levy:

This is in further reference to your Freedom of Information Act request for access to certain records in the custody of the U.S. Postal Inspection Service.

Enclosed are 24 pages (Documents 19 and 21) of the court records which can be released to you.

Sincerely,

*Betty L. White*

Betty L. White
Information Disclosure Specialist

Enclosures

1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA  22209-4039
TELEPHONE: 703-292-4041

# EXHIBIT Y

**LEVY v. UNITED STATES POSTAL SERVICE**
**VAUGHN INDEX**
**EXHIBIT Y**

| Document # | # of Pages withheld | FOIA Exemption | Description of Contents |
|---|---|---|---|
| Document 1 | 2 pages | (b)(2) | ISIIS Case File Closing Checklist: Internal closing form generated by Agency for administrative purposes |
| Document 2 | 1 page | (b)(2) | Forfeiture Evaluation worksheet: Internal form generated by Agency for administrative purposes |
| Document 3 | 1 page | (b)(2), (b)(7)(D) | Investigative Expense Log: Internal form generated by Agency for administrative purposes |
| Document 4 | 3 pages | (b)(5) | Forensic DNA Case Report: Report generated in the course of criminal investigation |
| Document 5 | 3 pages | (b)(5) | Specimen report from Santa Clara County: Report generated in the course of criminal investigation |
| Document 6 | 2 pages | (b)(2), (b)(5) | Memorandum of Call form: Internal agency form generated by the USPS San Francisco Division |
| Document 7 | 2 pages | (b)(7)(C) | Email to law enforcement personnel from third party |
| Document 8 | 1 page Letter | (b)(5), (b)(7)(C) | Letter from law enforcement personnel to third party |
| Document 9 | 1 page Email | (b)(7)(C), (b)(7)(D) | Email between law enforcement personnel and third party |

| Document 10 | 20 pages | (b)(2), (b)(5) | Internal emails between law enforcement personnel and support personnel |
| Document 11 | 1 page | (b)(7)(C) | Letter from third party to law enforcement |
| Document 12 | 3 pages | (b)(7)(C) | Victim/Names List: Agency generated form used in the course of criminal investigation |
| Document 13 | 5 pages | (b)(2), (b)(5), (b)(7)(C) | 4 pages of Internal emails; 1 page internal Agency memorandum with name and number of third party |
| Document 14 | 4 pages | (b)(7)(D) | Environmental Examination Request Form for Biological Agents generated in the course of criminal investigation |
| Document 15 | 22 pages | (b)(2), (b)(5), (b)(7)(C), (b)(7)(D) | Internal emails; inspector notes; third party letters |
| Document 16 | 11 pages | (b)(7)(C), (b)(7)(D), (b)(7)(F) | 4 Memorandums Of Interview with third parties; 1 witness statement |
| Document 17 | 41 pages | (b)(7)(D) | Confidential materials provided by an outside law enforcement agency |
| Document 18 | 32 pages | (b)(7)(C), (b)(7)(D) | Sworn declaration of a third party and confidential source |
| Document 19 | 12 pages | RELEASED | Records released |
| Document 20 | 4 pages and 9 pages (same document copied 2 different ways) | (b)(7)(C), (b)(7)(D) | Third party deposition |
| Document 21 | 12 pages | RELEASED | Records released |

2

| | | | |
|---|---|---|---|
| Document 22 | 61 pages | (b)(7)(C), (b)(7)(D) | Property/Evidence Tags; Environmental Request form; sworn declarations of third party individuals; third party emails |
| Document 23 | 3 pages | (b)(7)(C), (b)(7)(D) | Statement and emails of third party |
| Document 24 | 12 pages | (b)(7)(C), (b)(7)(D) | Statements and emails of third party |
| Document 25 | 44 pages | (b)(7)(C), (b)(7)(D) | Emails and letters from a third party |

3