JONATHAN H. LEVY
In Pro Se
37 Royal Pointe Dr.
Hilton Head SC 29926
Tel./Fax: 202-318-2406
jonlevy@hargray.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

JONATHAN LEVY

    Plaintiff,

v.

United States Postal Service

    Defendant

_____/

NO. 06-1007 (GK)

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR SUMMARY JUDGMENT**

RECEIVED

NOV 1 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### Introduction

Plaintiff seeks release of the following documents under the Freedom of Information Act as indicated in Defendant's Vaughn Index (Defendant's Exhibit Y): Documents 7-9, 11, 15, 16, 17, 18, 20, 22-25. Plaintiff agrees to redactions to protect the identity and privacy of third parties. Plaintiff does not seek release of internal United States Postal Service (USPS) documents. See generally Defendant's Exhibit W outlining Plaintiff's position and acquiescing to redactions to protect identities of third parties and waiving release of internal agency documents. Plaintiff thus according to USPS' count in Defendant's Exhibit Y seeks the release of approximately only 225 pages or less.

In FOIA cases, agency decisions to withhold or disclose information under FOIA carries no weight and are reviewed de novo by the Court. *Mead Data Cent., Inc. v. Dep't of Air Force*, 184 U.S. App. D.C. 350, 566 F.2d 242, 251 (D.C. Cir. 1977). USPS has the burden of upholding its agency decision to withhold documents. 5 U.S.C. § 552(a)(4)(B). USPS may meet this burden by

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS/ SUMMARY JUDGMENT ~ Case No. 06-1007 (GK) ~ p.1

submitting affidavits or declarations that describe the withheld material in reasonable detail and explain why it falls within the claimed FOIA exemptions. *Summers v. Dep't of Justice*, 329 U.S. App. D.C. 358, 140 F.3d 1077, 1080 (D.C. Cir. 1998). To meet this burden USPS has submitted the Declaration of Betty White and its Vaughn Index - Exhibit Y. Plaintiff contends the Vaughn Index and Defendant's declaration are too vague for the Court to act upon and for the Plaintiff to meaningfully address and therefore the Court should either release the documents in question, conduct an *in camera* review of the material, or requests USPS provide adequate information about the withheld documents. See: *Judicial Watch v. USPS*, 297 F. Supp. 2d 252 (DC Dist. 2004).

## II. Vaughn Index

The Vaughn Index and defendant declaration ought to permit a reviewing court to engage in a meaningful review of the agency's decision. See *Oglesby v. Dep't of Army*, 316 U.S. App. D.C. 372, 79 F.3d 1172, 1176 (D.C. Cir. 1996). "Because the applicability of the deliberative process privilege is dependent on the content of each document and the role it plays in the decision making process, an agency's affidavit describing the withheld documents must be specific enough so that the elements of the privilege can be identified." *Senate of Puerto Rico ex rel. Judiciary Comm. v. Dept of Justice*, 262 U.S. App. D.C. 166, 823 F.2d 574, 585 (D.C. Cir. 1987); *Coastal States Gas Corp. v. Dep't of Energy*, 199 U.S. App. D.C. 272, 617 F.2d 854, 866 (D.C. Cir. 1980); *Mead Data Cent., Inc.*, 566 F.2d at 251.

The description of the contents of the material by USPS is at best rudimentary and at worst useless. USPS does not explain why the material is not subject to segregability but simply restates bare assertions the material is exempt. Plaintiff has reviewed the description of each "document" asserted exempt by USPS and that Plaintiff seeks partial release of and has found the following:

### Document (7)

This document is described only as an email from a third party to unspecified law enforcement personnel and is claimed covered under exemption 7(c). However, exemption 7(c) is not an absolute exemption and like most other exemptions is subject to a balancing analysis. Exemption 7(C) ordinarily permits the Government to withhold only the specific information to which it applies, not the entire page or document in which the information appears; any nonexempt information must be

segregated and released, see 5 U.S.C. § 552(b), unless the "exempt and nonexempt information are 'inextricably intertwined,' such that the excision of exempt information would impose significant costs on the agency and produce an edited document with little informational value." *Neufeld v. IRS*, 207 U.S. App. D.C. 326, 646 F.2d 661, 666 (D.C. Cir. 1981) cited with approval by *Mays v. DEA*, 234 F.3d 1324, 1327 (D.C. Cir. 2000). Using the scant information at hand, the Court cannot possibly make an informed analysis of Document Seven under this standard.

### Documents (8), (9), (11), (18), (23), (24), (25)

Document Eight is a letter from an unspecified law enforcement agency to a third party. Both exemptions 7(C) and 5 are claimed. Again the issue of segregability could not possibly be divined from the information at hand. Document Nine (9) and related documents (11), (18), (23), (24), (25) involve a similar situation. Document Nine is an email from an unspecified law enforcement agency to a third party. Both exemptions 7(C) and 7(D) are claimed. Again the issue of segregability could not possibly be divined from the information at hand. Likewise Documents (11), (18), (23), (24), (25) create similar issues of segregability which could only be determined with more information or preferably an *in camera* inspection of the documents.

### Document (15)

This document is described as emails, inspector notes, and third party letters. It is unclear if this is a single document or several and why they are linked aside from the combination of exemptions offered. If these constitute more than one document - they should be disentangled or simply provided for review by the Court.

### Document (16)

This consists of apparently of at least two documents, the remarkableness being that exemption (b)(7)(f) is claimed for all. However, the cryptic information provided in the Vaughn Index is too conclusionary and lacks any details for any review. Likewise the Declaration of Betty White provides little about exemption (b)(7)(f). Dec. of White, p. 24. There is no factual explanation how release of redacted information could harm third parties in a closed case (MSJ p. 4:19-20), simply a factual and legal conclusion.

### Document (17)

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS/ SUMMARY JUDGMENT ~ Case No. 06-1007 (GK) ~ p.3

Document 17 consists of 41 pages on an unknown topic provided by an unnamed "outside law enforcement agency." The declaration of B. White claims Document (17,) all 41 pages, must be withheld because it contains names of confidential sources. Dec. White p. 22. Plaintiff contends again this bare bones information absent further details or an *in camera* review provides insufficient information to determine issues such segregability and how that might apply to all 41 pages.

### Document (18)

Document 18 is characterized as a 32 page sworn declaration. A declaration generally refers to a document prepared for a California court proceeding and submitted to the court under the penalty of perjury and is comparable to an affidavit in other jurisdictions. According to USPS all 32 pages must be withheld because an informant's identity might be compromised. However, if the declaration was prepared not for the investigation but in the course of a criminal or civil proceeding, the informant would have had no expectation of confidentiality. Based on the scant information available, the Court would be unable to reach a conclusion without at least a glance at the document.

### Document (20)

Document 20 is described as a deposition. A deposition is usually taken in the course of a civil proceeding under oath. If so, the deponent would have had no expectation of confidentiality. Without further information or *in camera* review, Plaintiff contends the Court cannot decide if this is exempt or not or whether it is part of some other court proceeding generally available to the public.

### Document (22)

Document 22 is apparently a conglomeration of documents - evidence tags, declarations, and emails. Without further differentiation, it would be seemingly impossible to determine if these documents may be withheld in their entirety, are segregable, or not.

### Documents (23-25)

Without further details or examination there is no possible way to determine if these documents fall within an exemption or their authors had any expectation of privacy or confidentiality.

### Conclusion

Defendant's motion should be denied as premature and Defendant required to submit documents for an *in camera* review by the Court. Plaintiff believes an *in camera* review is the

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS/ SUMMARY JUDGMENT ~ Case No. 06-1007 (GK) ~ p.4

appropriate method as the number of documents are not so voluminous nor complex that it would be a burden upon the Court to determine segregability.

Respectfully submitted,

_____

Jonathan Levy, Plaintiff in pro se

JONATHAN H. LEVY
In Pro Se
37 Royal Pointe Dr.
Hilton Head SC 29926
Tel./Fax: 202-318-2406
jonlevy@hargray.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

JONATHAN LEVY,

    Plaintiff,

v.

UNITED STATES POSTAL SERVICE,

    Defendant.

NO. 06-1007 (GK)

CERTIFICATE OF SERVICE
FOR OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS OR SUMMARY
JUDGMENT

The undersigned hereby certifies that she is an adult and not a party to this matter.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR SUMMARY JUDGMENT

in this case was served this date by placing copies in the United States mail, with postage prepaid thereon, addressed to:

**WYNEVA JOHNSON**                                                                                                      Attorney for Defendant
**Assistant United States Attorney**
**555 Fourth Street, NW**
**Washington DC 20530**

I declare under penalty of perjury that the foregoing is true and correct, and that this certificate was executed in Bluffton, SC on November 10, 2006.

                                                                                                        Rita Levy