UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN H. LEVY,              )<br>                                )<br>        Plaintiff,              )<br>                                )<br>v.                              )<br>                                )<br>UNITED STATES POSTAL SERVICE,   )<br>                                )<br>        Defendant.              )<br>                                ) | Civil Action No. 06-1007 (GK) |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and concerns the processing of Plaintiff's FOIA request made to the United States Postal Inspection Service ("USPIS"). Plaintiff's FOIA request sought all documents regarding anthrax hoax letters sent to Los Gatos and Campbell Police Departments, as well as an individual residence in San Jose, CA. See Compl. at ¶2.

Defendant moved to Dismiss on the grounds that there were no genuine issues of material fact and Defendant was entitled to judgment as a matter of law. In support of its motion, Defendant submitted the Declaration of Betty White, Information Disclosure Specialist, FOIA Unit, Office of Counsel for the United States Postal Service. Defendant argued that it had released all non-exempt documents or portions thereof and made every effort to provide Plaintiff with all reasonably segregable portions of releasable material.

Plaintiff has filed an Opposition to Defendant's motion. He seeks release of the following documents: 7-9, 11, 15, 16, 17, 18, 20, 22, 25. For the convenience of the Court, Defendant will

respond to Plaintiff's request in his Opposition. Defendant also submits the Supplemental Declaration of Betty White ("Supp. White Decl.") exhibit A attached hereto and a Supplemental Vaughn Index, exhibit B attached hereto. Twenty one pages of record material are being released to Plaintiff after further review. These pages are being sent to Plaintiff simultaneously with the filing of this Reply.

### Document 7

Plaintiff alleges that the "document is described only as an email from a third party to unspecified law enforcement personnel and is claimed covered under exemption 7(C)." Opposition, p. 2. Plaintiff argues that the document should be released because the government may withhold certain information from the document, but the government cannot withhold the entire page.

Document 7 consists of an electronic message from a third party complainant to a third party involved in the radio industry concerning Mr. Kronzer's radio broadcasts. Merely excising the names and/or identifying information of the individuals involved in the documents in question, as well as the names and/or identifying information of other persons contained in the requested documents, would still disclose information obtained from third party individuals and confidential sources which would tend to identify subjects, witnesses, sources, and other individuals. The threshold for Exemption 7(C) has been met because the release of the information could reasonably be expected to constitute an unwarranted invasion of personal privacy, and because disclosure of the identity of the third party individuals could reasonably be expected to result in subjecting them to unnecessary harassment, intimidation and/or physical harm. See Supp. White Decl. at ¶4.

**Documents 8, 9, 11, 18, 23, 24, 25**

Plaintiff argues that the "issue of segregability could not possibly be divined from the information at hand." Opposition, p. 3. Documents 8, 9, 11, 18, 23, 24 and 25 have been withheld pursuant to (b)(7)(C) and (b)(7)(D). Document 8 has also been withheld pursuant to (b)(5). Document 8 consists of a communication from a U.S. Postal Inspector to a third party explaining the status of the case and the role of the Inspector. Document 9 consists of an electronic communication from an Inspector to a third party and a response from the third party. The communication deals with the location of Mr. Kronzer, the allegations against him and discusses if Mr. Kronzer is being held by any law enforcement authority. Document 11 consists of a letter of complaint between two third parties relative to tape recordings of Mr. Kronzer. Document 18 consists of a series of sworn declarations from a third party/confidential source. The materials contain information related to the investigation and include the name and personal identifying information from the source as well as others. Document 23 consists of a copy of an electronic mail message and other communications sent by a third party to law enforcement agencies and other non-law enforcement third parties. Documents 24 and 25 consist of copies of electronic mail messages and other communication sent among third parties and in some cases directed to law enforcement agencies which discuss the activities of Kronzer and Levy. Merely excising the names and/or identifying information of the individuals involved in the documents in question, as well as the names and/or identifying information of other persons contained in the requested documents, would still disclose information obtained from third party individuals and confidential sources which would tend to identify subjects, witnesses, sources, and other individuals. See Supp. White Decl. at ¶5.

3

Exemption 7(C) has been met because the release of the information contained in documents 8, 9, 11, 23, 24 and 25 could reasonably be expected to constitute an unwarranted invasion of personal privacy, and because disclosure of the identity of the third party individuals could reasonably be expected to result in subjecting them to unnecessary harassment, intimidation and/or physical harm.  Id. at  ¶6.

Additionally, Exemption 7(D) has been asserted for documents 9, 18, 23, 24 and 25 to protect the identities and statements of sources that provided information under an express or an implied promise of confidentiality.  This case involved the commission of a serious crime.  The persons who made statements could reasonably infer that their statements would not be disclosed.  Id. at  ¶7.

### Document 15

Plaintiff states that "this document is described as emails, inspector notes and third party letters." Plaintiff further states that "it is unclear if this is a single document or several and why they are linked aside from the combination of exemptions inferred." Opposition, p. 3.

Document 15 consists of 20 pages of 10 different documents which were grouped together upon receipt.  In preparation of Betty White's Supplemental Declaration, Exhibit A attached, a typographical error was discovered; that the document actually consisted of 20 pages.  Further review determined release of 9 of these pages could be made to the plaintiff with redactions.  Exemption (b)(7)(C) was applied to page 1 of the nine pages, removing the names of Inspection Service employees and law enforcement personnel.  The remaining unreleased documents consist of two external memoranda withheld under (b)(5); two emails prepared and circulated within the Inspection Service for use by Inspection Service employees withheld under

(b)(2) and (b)(7)(C); one two-page email from a third party individual regarding the "continued harassment from Kronzer" withheld under (b)(2), (b)(5), (b)(7)(C), and (b)(7)(D); one note made by inspectors for internal use withheld under (b)(7)(C) and (b)(7)(D); one document with personal identifying information of third parties (names, cell phone numbers, pagers, emails, etc.), withheld under (b)(6) and (b)(7)(C); two pages from an outside law enforcement agency withheld under (b)(7)(D), and one email from outside law enforcement personnel withheld under (b)(2) and (b)(7)(C). See Supp. White Decl. at ¶8.

The threshold for Exemption (b)(2) has been met in this case because the records withheld pertain to the internal rules and practices of an agency and consist of information that is of a trivial nature and of little or no public interest. Exemption (b)(5) has been asserted because these documents consist of inter-agency and/or intra-agency memoranda. The documents withheld were not final reports or recommendations and were in fact antecedent to any agency final decision. Exemption 7(C) has been met in this case in that the release of the information could reasonably be expected to constitute an unwarranted invasion of personal privacy, and because disclosure of the identity of the third party individuals could reasonably be expected to result in subjecting them to unnecessary harassment, intimidation and/or physical harm. Thus, the persons who made statements could reasonably infer that their statements would not be disclosed. Exemption 7(D) was met in this case to protect the identities and statements of sources that provided information under an express or an implied promise of confidentiality. Id. at ¶9.

**Document 16**

Plaintiff argues that exemption 7(F) should not have been asserted here because the information is contained in a closed case.

Document 16 consists of 5 separate documents (four memoranda of interview and one third party witness statement). Exemption 7(F) was applied to one of the memoranda of interview. The threshold for Exemption 7(F) was met because the withheld information relates to confidential sources, including victims, involved in the investigation. In addition to causing an unwarranted invasion of privacy, releasing the document could seriously jeopardize the individual's safety. Disclosure of the identity or the information provided by this source could result in the unwarranted invasion of the individual's personal privacy and could subject them to unnecessary harassment, intimidation and/or physical harm. Furthermore, there is no public interest in the release of this information. See Supp. White Decl. at ¶10.

The remaining three memoranda of interview and one witness statement were withheld pursuant to Exemption 7(C), as these documents contain the identities of individuals who were not the target of the investigation. The disclosure of the identity of the third parties could reasonably be expected to result in subjecting them to unnecessary harassment, intimidation and/or physical harm. The remaining three memoranda of interview and one witness statement were also withheld pursuant to 7(D) because these documents also consist of the identity of confidential sources and the information they provided in the course of the investigation. Thus, Exemption 7(D) was applied to these four documents to protect the identity and statements of sources that provided information under the implied promise of confidentiality. Id. at ¶11.

**Document 17**

Plaintiff argues that defendant has provided little information for its assertion that the information is being withheld because it contains the names of confidential sources. Plaintiff also asserts that he is unable to determine defendant's argument as to the segregability of these 41 pages.

Document 17 consists of 41 pages of confidential information provided by a law enforcement agency concerning the investigation of suspicious mailings. Seven of these 41 pages, which consist of Mr. Kronzer's drivers license information and finger/palm prints can be released to Mr. Kronzer in their entirety. The remaining 34 pages contain the names and personal identifying information of third parties and the names of law enforcement personnel. Exemption 7(D) provides protection for "records or information compiled for law enforcement purposes [which] could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis…" See Supp. White Decl. at ¶12.

**Document 18**

Plaintiff argues that this sworn declaration should be released because there would be no expectation of confidentiality with regard to the information.

Document 18 is a sworn declaration of a named third party, who was a third party/confidential source. The material contains the sworn declaration, incorporating emails, and information related to the investigation, and includes the name and personal identifying information from the source as well as others. Exemption 7(C) was met because this document contained the identities of individuals who were not the target of the investigation. Also,

disclosure of the identity of the third parties could reasonably be expected to result in subjecting them to unnecessary harassment, intimidation and/or physical harm. Exemption 7(D) was met because the withheld information consists of the identity of confidential sources and the information they provided in the course of the investigation. Furthermore, Exemption 7(D) has been used in this case to protect the identity and statements of sources who provided information under the implied promise of confidentiality. See Supp. White Decl. at ¶13.

### Document 20

Defendant has determined that it will release this document in its entirety.

### Document 22

Plaintiff asserts that document 22 is " apparently a conglomeration of documents, evidence tags, declarations, and emails" and that "[w]ithout further differentiation, it would be seemingly impossible to determine if these documents may be withheld in their entirety, are segregable, or not" Opposition, p. 4.

Document 22 contains three property/evidence tags, one of which will be released to Mr. Kronzer with redactions to remove the names of Inspection Service and law enforcement personnel pursuant to (b)(7)(C). The remaining two are being withheld in their entirety under Exemption (b)(7)(C); one request for lab examination under (b)(7)(D), fifty pages consisting of 10 sworn statements, incorporating emails by various third parties withheld under (b)(7)(C) and (b)(7)(D), one document relating to the settlement of legal disputes (b)(7)(D); and two mailed documents, six pages which were received by a third party/confidential source withheld under (b)(7)(C) and (b)(7)(D). Exemption 7(C) has been met because these documents contain the identities of individuals who were not the target of the investigation. Also, disclosure of the

identity of the third parties could reasonably be expected to result in subjecting them to unnecessary harassment, intimidation and/or physical harm.  Exemption 7(D) has been met because the withheld information consists of the identity of confidential sources and the information they provided in the course of the investigation.  Furthermore, Exemption 7(D) has been used in this case to protect the identity and statements of sources who provided information under the implied promise of confidentiality. See Supp. White Decl. at ¶15.

**The United States Postal Service Properly Evaluated Documents For Segregability**

The Inspection Service re-reviewed the 257 withheld pages and determined that, with some adjustments discussed above, all reasonably segregable, non-exempt information has been disclosed.  Documents 8, 9, 17, 18, 20 and 22 are being withheld in their entirety because the information consists of the names of law enforcement officials, third party individuals and/or confidential sources who were not the subject of the investigation, documents and/or statements provided by third party individuals and/or confidential sources, provided information under an express or an implied promise of confidentiality.  See exemptions (b)(7)(C) and (b)(7)(D).  These documents cannot be released in part because merely excising the names and/or identifying information of the individuals involved in the documents, would disclose information obtained from the third party individuals and confidential sources which would tend to identify subjects, witnesses, sources, and other individuals.  Document 15 consists of at least one page that is considered trivial in nature and of little or no public interest, where redacting the document would lead to no meaningful communication.  See exemption (b)(2).  Document 15 also consists of at least three additional pages that are considered inter-agency and/or intra-agency memoranda.  These documents were not considered final reports or recommendations and were

9

in fact antecedent to any agency final decision. See exemption (b)(5).  The remaining pages in Document 15 consist of information that is being withheld under Exemption (b)(7)(C) and (b)(7)(D) for the same reasons as stated in Documents 8, 9, 17, 18, 20 and 22.  Furthermore, it has been determined that due to Mr. Kronzer's close association with the case, further disclosure could result in compromising the third parties protected from disclosure. See Mead Data Cent., Inc. v. United States Dept. Of the Air Force, 566 F.2d 242 (D.C. Cir. 1977).

Based on all the foregoing and its previous Memoranda, Defendant submits that summary judgment should be granted. Defendant has demonstrated that the United States Postal Inspection Service properly processed the documents responsive to Plaintiff's FOIA requests and that no information from these documents was improperly withheld.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C.  Bar #498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/
WYNEVA JOHNSON, D.C. Bar #278515
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of December, 2006, that a copy of the foregoing was filed and served by First-Class mail; postage prepaid to:

**Jonathan H. Levy, pro se**
**37 Royal Pointe Dr.**
**Hilton Head, SC 29926**

                                                /s/
                                        Colleen McGowan
                                        Paralegal Specialist