# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN LEVY, )<br>)<br>**Plaintiff,** )<br>)<br>v )<br>)<br>U.S. POSTAL INSPECTION SERVICE )<br>)<br>**Defendant.** )<br>_____ ) | Civil Action No. 06-1007 (GK) |

**SUPPLEMENTAL DECLARATION OF BETTY WHITE**

I, Betty White, hereby make the following Declaration under penalty of perjury pursuant to 28 U.S.C. §1746.

1. This declaration supplements my October 24, 2006 declaration, submitted in support of the Defendant's Motion For Summary Judgment.

2. In preparing this declaration, I read and am familiar with the Complaint in the above entitled action, the U.S. Postal Inspection Service records that relate to the processing of the plaintiff's Freedom of Information Act request that is the subject of the above titled civil action, and the Plaintiff's Opposition to Defendant's Motion For Summary Judgment.

3. Plaintiff's opposition seeks release of the following documents under the Freedom of Information Act: Documents 7-9, 11, 15, 16, 17, 18, 20, and 22-25. In his opposition, Plaintiff contends that my October 24, 2006, Declaration and Vaughn Index are too vague for the Court to act upon and for the Plaintiff to meaningfully address. This Supplemental Declaration and attached Supplemental Vaughn Index responds to Plaintiff's Opposition.

## Document 7

4. Document 7 consists of an electronic message from a third party complainant to a third party involved in the radio industry concerning Mr. Kronzer's radio broadcasts. Merely excising the names and/or identifying information of the individuals involved in the documents in question, as well as the names and/or identifying information of other persons contained in the requested documents, would still disclose information obtained from third party individuals and confidential sources which would tend to identify subjects, witnesses, sources, and other individuals. The threshold for Exemption 7(C) has been met because the release of the information could reasonably be expected to constitute an unwarranted invasion of personal privacy, and because disclosure of the identity of the third party individuals could reasonably be expected to result in subjecting them to unnecessary harassment, intimidation and/or physical harm.

## Documents 8, 9, 11, 18, 23, 24 and 25

5. Documents 8, 9, 11, 18, 23, 24 and 25 have been withheld pursuant to (b)(7)(C) and (b)(7)(D). Document 8 has also been withheld pursuant to (b)(5).[1] Document 8 consists of a communication from a U.S. Postal Inspector to a third party explaining the status of the case and the role of the Inspector. Document 9 consists of an electronic communication from an Inspector to a third party and a response from the third party. The communication deals with the location of Mr. Kronzer, the allegations against him and discusses if Mr. Kronzer is being held by any law enforcement authority. Document 11 consists of a letter of complaint between two third parties relative to tape recordings of Mr. Kronzer. Document 18 consists of a series of sworn

---

[1] Exemption (b)(5) has been met because document 8 consists of inter-agency and/or intra-agency memoranda. The documents withheld were not final reports or recommendations and were in fact antecedent to any agency final decision.

declarations from a third party/confidential source. The materials contain information related to the investigation and include the name and personal identifying information from the source as well as others. Document 23 consists of a copy of an electronic mail message and other communication sent by a third party to law enforcement agencies and other non-law enforcement third parties. Document 24 and 25 consists of copies of electronic mail messages and other communication sent among third parties and in some cases directed to law enforcement agencies which discuss the activities of Kronzer and Levy. Merely excising the names and/or identifying information of the individuals involved in the documents in question, as well as the names and/or identifying information of other persons contained in the requested documents, would still disclose information obtained from third party individuals and confidential sources which would tend to identify subjects, witnesses, sources, and other individuals.

6. Exemption 7(C) has been met because the release of the information contained in documents 8, 9, 11, 23, 24 and 25 could reasonably be expected to constitute an unwarranted invasion of personal privacy, and because disclosure of the identity of the third party individuals could reasonably be expected to result in subjecting them to unnecessary harassment, intimidation and/or physical harm.

7. Additionally, Exemption 7(D) has been asserted for documents 9, 18, 23, 24 and 25 to protect the identities and statements of sources that provided information under an express or an implied promise of confidentiality. This case involved the commission of a serious crime. The persons who made statements could reasonably infer that their statements would not be disclosed.

**Document 15**

8. Document 15 consists of 20 pages of 10 different documents which were grouped together upon receipt. In preparation of this supplemental declaration a typographical error was discovered that the document actually consisted of 20 pages. Further review determined release of 9 of these pages could be supplied to the plaintiff with redactions. Exemption (b)(7)(C) was applied to page 1 of the nine pages, removing the names of Inspection Service employees and law enforcement personnel. The remaining unreleased documents consist of (2) external memoranda (b)(5); (2) emails prepared and circulated within the Inspection Service for use by Inspection Service employees (b)(2) and (b)(7)(C); (1) two-page email from a third party individual regarding the "continued harassment from Kronzer (b)(2), (b)(5), (b)(7)(C), and (b)(7)(D);" (1) note made by inspectors for internal use (b)(7)(C) and (b)(7)(D); (1) document with personal identifying information of third parties (names, cell phone numbers, pagers, emails, etc.), (b)(6) and (b)(7)(C); (2) pages from an outside law enforcement agency (b)(7)(D), and (1) email from outside law enforcement personnel (b)(2) and (b)(7)(C).

9. The threshold for Exemption (b)(2) has been met in this case because the records withheld pertain to the internal rules and practices of an agency and consist of information that is of a trivial nature and of little or no public interest. Exemption (b)(5) has been asserted because these documents consist of inter-agency and/or intra-agency memoranda. The documents withheld were not final reports or recommendations and were in fact antecedent to any agency final decision. Exemption 7(C) has been met in this case in that the release of the information could reasonably be expected to constitute an unwarranted invasion of personal privacy, and because

disclosure of the identity of the third party individuals could reasonably be expected to result in subjecting them to unnecessary harassment, intimidation and/or physical harm. Thus, the persons who made statements could reasonably infer that their statements would not be disclosed. Exemption 7(D) was met in this case to protect the identities and statements of sources that provided information under an express or an implied promise of confidentiality.

### Document 16

10. Document 16 consists of 5 separate documents (4 memoranda of interview and 1 third party witness statement). Exemption 7(F) was applied to one of the memoranda of interview. The threshold for Exemption 7(F) was met because the withheld information relates to confidential sources, including victims, involved in the investigation. In addition to causing an unwarranted invasion of privacy, releasing the document could seriously jeopardize the individual's safety. Disclosure of the identity or the information provided by this source could result in the unwarranted invasion of the individual's personal privacy and could subject them to unnecessary harassment, intimidation and/or physical harm. Furthermore, there is no public interest in the release of this information.

11. The remaining (3) memoranda of interview and (1) witness statement were withheld pursuant to Exemption 7(C), as these documents contained the identities of individuals who were not the target of the investigation. The disclosure of the identity of the third parties could reasonably be expected to result in subjecting them to unnecessary harassment, intimidation and/or physical harm. The remaining three (3) memoranda of interview and one (1) witness

statement were also withheld pursuant to 7(D) because these documents also consist of the identity of confidential sources and the information they provided in the course of the investigation. Thus, Exemption 7(D) was applied to these four (4) documents to protect the identity and statements of sources that provided information under the implied promise of confidentiality.

## Document 17

12. Document 17 consists of 41 pages of confidential information provided by a law enforcement agency concerning the investigation of suspicious mailings. Seven of these 41 pages, which consist of Mr. Kronzer's drivers' license information and finger/palm prints can be released to Mr. Kronzer in their entirety. The remaining 34 pages contain the names and personal identifying information of third parties and the names of law enforcement personnel. Exemption 7(D) provides protection for "records or information compiled for law enforcement purposes [which] could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis…"

## Document 18

13. Document 18 is a sworn declaration of a named third party. Document 18 consists of documents received from third parties/confidential sources. The material contains sworn declarations, incorporating emails, and information related to the investigation, and includes the name and personal identifying information from the source as well as others. Exemption 7(C)

was met because these documents contained the identities of individuals who were not the target of the investigation. Also, disclosure of the identity of the third parties could reasonably be expected to result in subjecting them to unnecessary harassment, intimidation and/or physical harm. Exemption 7(D) was met because the withheld information consists of the identity of confidential sources and the information they provided in the course of the investigation. Furthermore, Exemption 7(D) has been used in this case to protect the identity and statements of sources who provided information under the implied promise of confidentiality.

### Document 20

14. Further review determined that Document 20 is a public record and can be released in its entirety.

### Document 22

15. Document 22 contains (3) property/evidence tags, one of which will be released to Mr. Kronzer with redactions to remove the names of Inspection Service and law enforcement personnel (b)(7)(C). The remaining two are being withheld in their entirety under Exemption (b)(7)(C); (1) request for lab examination (b)(7)(D), (50) pages consisting of 10 sworn statements, incorporating emails by various third parties (b)(7)(C) and (b)(7)(D), (1) document relating to the settlement of legal disputes (b)(7)(D); and two mailed documents consisting of (6) pages of which were received by a third party/confidential source (b)(7)(C) and (b)(7)(D). Exemption 7(C) has been met because these documents contain the identities of individuals who were not the target of the investigation. Also, disclosure of the identity of the third parties could reasonably be expected to result in subjecting them to unnecessary harassment, intimidation

and/or physical harm. Exemption 7(D) has been met because the withheld information consists of the identity of confidential sources and the information they provided in the course of the investigation. Furthermore, Exemption 7(D) has been used in this case to protect the identity and statements of sources who provided information under the implied promise of confidentiality.

## SEGREGABILITY

16. The Inspection Service re-reviewed the 236 withheld pages and determined that all reasonably segregable, non-exempt information has been disclosed. Documents 8, 9, 17, 18, 20 and 22 are being withheld in their entirety with the redacted information consisting of the names of law enforcement officials, third party individuals and/or confidential sources who were not the subject of the investigation, documents and/or statements provided by third party individuals and/or confidential sources, in which case provided information under an express or an implied promise of confidentiality (b)(7)(C) and (b)(7)(D). These documents cannot be released in full because merely excising the names and/or identifying information of the individuals involved in the documents in question, as well as the names and/or identifying information of other persons contained in the requested documents, would disclose information obtained from the third party individuals and confidential sources which would tend to identify subjects, witnesses, sources, and other individuals. Document 15 consists of at least one page that is considered trivial in nature and of little or no public interest, where redacting the document would lead to no meaningful communication (b)(2). Document 15 also consists of at least three additional pages that are considered inter-agency and/or intra-agency memoranda. These documents were not considered final reports or recommendations and were in fact antecedent to any agency final

decision. The remaining pages in Document 15 consist of information that is being withheld under Exemption (b)(7)(C) and (b)(7)(D) for the same reasons as stated in Documents 8, 9, 17, 18, 20 and 22. Furthermore, it has been determined that due to Mr. Kronzer's close association with the case, further disclosure could result in compromising the third parties protected from disclosure.

**Document 23-25**

17. Please see discussion of applicable exemptions under paragraphs 5-7 above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 21, 2006.

_____
Betty L. White
Information Disclosure Specialist
Office of the Chief Inspector
U. S. Postal Inspection Service